## SMITH v. HENRY COUNTY.

1. ADMISSION BY DEMURRER. A demurrer to a pleading admits the truth of the facts well pleaded, for the purpose of determining their sufficiency as a cause of action or defense; but it does not admit the correctness of the conclusions of law therein set out.

2. RAILROAD BONDS. Stokes v. The County of Scott, 10 Iowa, 166; The State of Iowa, ex rel. The Burlington & Missouri River Railroad Company, v. The County of Wapello, 13 Iowa, 388; Rock v. Wallace, County Judge, 14 Iowa; and McMillan v. Boyles, County Judge, 14 Iowa, as to the invalidity of bonds issued by counties in payment of stock in railroad companies, reaffirmed.

*Appeal from Henry District Court.*

FRIDAY, DECEMBER 18.

PLAINTIFF claims the amount due upon certain coupons, set out in his petition, and alleges that the county of Henry issued the bonds, to which said coupons were attached, in accordance with the vote of the electors of said county, at a special election held for that purpose, pursuant to law; the object being to assist in the construction of a railway through said county. Demurrer to petition sustained, and plaintiff appeals.

*T. W. Woolson* for the appellant.

*Palmer & Ambler* for the appellee.

WRIGHT, J.— It is claimed in the first place, that the question of the right or power of the county to issue these bonds does not arise, as the petition, the facts stated in which are admitted by the demurrer, avers that said bonds were issued according to law. The rule is, that a demurrer admits the facts which are well pleaded, but not the law as claimed by the pleader, nor the inferences and conclusions drawn by him. (*Games* v. *Robb*, 8 Iowa, 193; Chitty Pl., 700.) If, therefore, there was no authority to issue

these bonds, the averment of this legal conclusion cannot assist the pleader.

And this presents the question whether the counties of this State had the power, in this method, to take and subscribe for stock in railroad companies. Counsel, in their argument, admit that this question is settled adversely to the power by the prior decisions of this Court, but we are asked to reconsider and re-examine the same, and recognize the validity of these bonds. It may be doubted whether a more able and careful, yet respectful argument could be presented in favor of the validity of the bonds, than the one now before us, by appellant's counsel. In view of the importance of the question, and the clear and earnest manner in which it has been presented, we have been induced to re-examine the rulings heretofore made, and to test their correctness in the light of the objections now so strenuously urged.

The cases referred to are *Stokes et al.* v. *The County of Scott*, 10 Iowa, 166; and *The State of Iowa, ex rel.*, &c., v. *The County of Wapello*, 13 Id., 388. Soon after the decision of the last case, we had before us the same question in *Rock* v. *Wallace, County Judge*, and *McMillen* v. *Boyles, County Judge*, 14 Iowa, and arrived at the same conclusion. These several adjudications were not made hurriedly, nor without a due impression of their importance. Our reasons for holding such bonds invalid, were there presented fully. The second case especially will be found to have carefully examined the whole subject. All these decisions, except the first, had the concurrence of each member of the Court. Subsequent reflection has not shaken our confidence in their correctness. The want of power under our Constitution and laws is so clear, and the argument against the right to exercise it is so well sustained and conclusive, as we have attempted to show in the cases above cited, that we cannot longer regard it as with us open for controversy.

In this State it must be considered settled. It is true, that a different ruling was made in some of the earlier cases by our predecessors, but those cases have all been examined and overruled, and this with a full consciousness of the consequences to the State and the bond-holders. To again enter upon the full argument and discussion of the several points made, would not be likely to make clearer our view, nor more authoritative the decision. We are satisfied that the power to subscribe this stock and issue these bonds did not exist; that they are therefore invalid; and without undertaking again to review the much vexed controversy, conclude that the demurrer was properly sustained, and that the judgment should be

Affirmed.