BURHANS v. SQUIRES *et al.*

1. **Pledge :** SATISFACTION OF DEBT : RECOVERY OF PROPERTY : PLEAD-
ING. Plaintiff, having induced defendant to take an interest in a
certain joint-stock company, undertook to secure him by placing in
the hands of a trustee certain paid-up life insurance policies. This
action was to recover the policies, on the ground that the defendant
had been reimbursed for all advancements which they were
designed to secure. The petition stated that one of the purposes of
the pledge was to secure defendant against loss by reason of his
connection with the company, as stockholder or otherwise, by
reason of his investment in the stock of the company, or his taking
any other pecuniary interest in its affairs. The petition did
not allege that defendant had sustained no losses under this clause
of the agreement, nor did it allege facts, as distinguished from legal
conclusions, showing that defendant had been reimbursed for
losses of that kind. The averment that defendant had money of
the company in his hands more than sufficient to reimburse him
for all liabilities for which the policies were held was not sufficient,
in the absence of a showing that he had a right to use the money in
that way.

2.  **Pleading:** SEVERAL CAUSES OF ACTION IN UNDIVIDED PETITION: DEMURRER. Where a petition not separated into divisions contains distinct causes of action, a demurrer to one of them may be sustained, and the plaintiff cannot urge the defect of his pleading to defeat the demurrer. (Compare *Wright v. Connor*, 34 Iowa, 242).

*Appeal from Des Moines District Court.*—Hon. CHAS. H. PHELPS, Judge.

FILED, SEPTEMBER 6, 1888.

THE plaintiff asks that a trust in regard to certain life insurance policies be terminated, and the policies surrendered; that certain books of account be revised and amended; and that he have judgment for damages. A demurrer to the petition was sustained, an amendment to the petition filed, and a demurrer to the amended petition sustained. The plaintiff electing to stand on his pleading, judgment was rendered dismissing the action, and in favor of defendant for costs. The plaintiff appeals.

*Newman & Blake* and *D. P. Stubbs*, for appellant.

*Hedge & Blythe*, for appellees.

ROBINSON, J.—The petition alleges that the plaintiff, the defendant Squires, and another, organized the Burlington Notion Company, under the incorporation laws of Iowa, for the purpose of operating a car to be fitted up, stocked with goods, and transported upon railways, the goods to be sold from the car, and delivered at once; that to insure the success of the company, and to provide security for advancements made to the company, plaintiff placed in the hands of the defendant Peasley, as trustee, two paid-up life insurance policies, under an agreement in writing as follows: "Exhibit A. Whereas, I have induced C. P. Squires, of Burlington, Iowa, to become pecuniarily interested in the Burlington Notion Company, a corporation of that name, and to become a

1. PLEDGE: satisfaction of debt: recovery of property: pleading.

stockholder in said corporation ; and whereas, said corporation is organized to further an enterprise begun by me, and one in which I am peculiarly interested, and my means and credit are not sufficient to proceed further in said business without assistance ; and whereas, said C. P. Squires has already advanced large sums of money, and intends to indorse the paper of said Burlington Notion Company to enable it to raise additional funds for the purpose of said corporation : Now, in consideration of the above, I, A. H. Burhans, of Burlington, Iowa, have this day assigned to Jos. C. Peasley, of Burlington, Iowa, the following paid-up policies of life insurance [ describing them ] in trust to secure to said C. P. Squires the payment to him of all moneys advanced by him to the Burlington Notion Company, to indemnify him for all indebtedness or liability he may incur by reason of any indorsement or indorsements he has made or may make of any paper of said Burlington Notion Company, and, in fine, to secure and indemnify the said C. P. Squires against all loss or damage he may sustain by reason of his connection with said Burlington Notion Company, whether as stockholder or otherwise, and of his investment in the stock of said corporation or taking a pecuniary interest in its prosperity, interest or affairs. [ Signed ] A. H. Burhans." The petition further alleges that Squires sold a car belonging to the company, worth four thousand dollars, and converted the proceeds to his own use; that he failed to keep the contract hereinbefore set out, to the damage of plaintiff in the sum of five thousand dollars ; that he collected about four thousand. dollars for advertisements on said car, one-half of which belonged to plaintiff ; and that there were errors in the books of the company amounting to about five hundred dollars. The material part of the amendment to the petition is as follows : "( 1 ) Defendant Squires has been fully reimbursed for all payments made and money advanced, either by way of endorsements or payments made for the Burlington Notion Company, or otherwise, as provided and set forth in said Exhibit A, and he has no just right or claim to the said insurance policies, nor has

the said Peasley, trustee, any right or authority to retain and withhold the same from plaintiff. (2) Plaintiff shows further that defendant Squires had collected debts due to said notion company, and sold its property and assets in large amounts and sums, more than sufficient to reimburse and pay him for all liabilities incurred, for which he has any claim or right to hold through said trustee said insurance policies." To the petition as amended defendants demurred "on the ground that the facts set forth therein do not entitle plaintiff to the relief demanded. Plaintiff does not show that defendant Squires has not incurred loss and liability, or that plaintiff has paid the same."

I. The chief question presented by the demurrer is the sufficiency of the showing set out in the amendment to the petition as to the termination of the trust. The contract set out in Exhibit A shows that the policies of insurance were delivered to the trustee for the following purposes: (1) To secure Squires for all money advanced by him to the company. (2) To secure him for liability which he might incur by reason of indorsements made or to be made of paper of said company. (3) To secure him against loss by reason of his connection with the company as stockholder or otherwise, by reason of his investment in the stock of the company, or his taking any other pecuniary interest in its affairs. It is insisted by appellee that the averments of the amendment do not show that there has been no loss or liability of the kind contemplated in the third class, and we are of the opinion that this is true. The demurrer admits only facts well pleaded. The first paragraph of the amendment only alleges in legal effect that Squires has been fully reimbursed for money advanced and payments made on account of the company. The concluding part of the paragraph is only the conclusion of the pleader, and does not extend the effect of the preceding averments of fact. *Freeman v. Hart*, 61 Iowa, 529; *Smith v. Henry County*, 15 Iowa, 385. The second paragraph of the amendment to the answer alleges, in effect, that Squires has money in his hands belonging to the company

more than sufficient to reimburse him for all liabilities for which the policies were held. But it is not asserted that he has any right to use such money for any purpose, and if it be conceded that the facts alleged would amount in law to a payment of such liabilities, there is no showing that he has sufficient to pay all losses contemplated by the terms of the trust; nor does it appear that he would have any authority to make such use of the money. We conclude that the petition does not show such facts as would warrant the termination of the trust and the return of the policies.

II. The petition, as amended, is not separated into divisions, but nevertheless seeks relief on account of

2. PLEADING: several causes of action in undivided petition: demurrer.

several alleged causes of action. We are not called upon to determine the sufficiency of any of these, excepting the one already considered. The second demurrer contains but one ground, and that is limited to the showing for a termination of the trust. Appellant insists that all the causes of action set out in his petition must be considered on this appeal, while it is contended by appellee that all issues, excepting that in regard to the policies of insurance, were adjudicated finally by the ruling on the first demurrer. Whether this claim of appellee is well founded or not we need not determine. This court held, in the case of *Wright v. Connor*, 34 Iowa, 242, that where an answer not separated into divisions contained distinct defenses, a demurrer to one might lie, and that the fact that the answer was not properly separated into divisions could not be urged against it. The principle of that case is applicable to this. The matter of the trust is separate and distinct, and plaintiff should not be permitted to urge the defects in his pleading to defeat the demurrer.

AFFIRMED.