AMERICAN WATER-WORKS COMPANY v. STATE OF
NEBRASKA, EX REL. W. I. WALKER.

FILED OCTOBER 15, 1895.    No. 5152.

1. **Pleading:** DEMURRER. A demurrer to a pleading admits the
truth of the facts well pleaded for the purpose of determining
their sufficiency as a cause of action or defense, but it does not
admit the correctness of the conclusions of law drawn therefrom
by the pleader.

2. **Water Companies:** DUTY TO INHABITANTS OF CITY: PUB-
LIC USE. A private corporation which procures from a munici-
pal corporation a franchise for supplying the latter and its
inhabitants with water, and by virtue of which franchise it is
permitted to and does use the streets and alleys of such munici-
pal corporation in the carrying on of its business, becomes
thereby affected with a public use and assumes a public duty.
That duty is to furnish water at reasonable rates to all the in-
habitants of the municipal corporation, and to charge each in-
habitant for water furnished the same price it charges every
other inhabitant for the same service under the same or similar
conditions.

3. ———: RULES. Such a corporation has the right to adopt all
such rules for its convenience and security as are reasonable and
just, and to decline to furnish water to any inhabitant who re-
fuses to comply with such reasonable rules.

American Water-Works Co. v. State.

4. ———: ———. For such a rule to be valid and enforceable it must in itself be lawful and just and must not be discriminatory in its nature.

5. ———: ———: VALIDITY OF CHARGE FOR TURNING ON AND OFF WATER. A rule of a private corporation engaged in supplying a city and its inhabitants with water in pursuance of a franchise granted by such city, provided: "Water rents will be due and payable on the 1st days of January and July of each year in advance at the company's office. * * * If not paid within thirty days after they fall due, the water will be turned off and not turned on again until all back rents are paid, including a charge of $1 for turning the water off and on." *Held*, That so much of said rule as required a patron in default for water rents to pay $1 as a condition precedent to his right to again be furnished with water was unreasonable, discriminatory, and void.

6. ———: ———: ———: MANDAMUS. A patron of such corporation failed to pay his water rent on July 1. His default continued to August 17, when the corporation shut the water off from the patron's premises. August 18 the patron tendered the corporation the water rent fixed by its rules from July 1 to December 31, and requested that the water might again be turned on, but refused to pay the $1 required by the rule for turning on and off the water. *Held*, (1) That the corporation would be compelled by *mandamus* to turn the water on the patron's premises; (2) that the inability of the corporation to collect the $1 from the patron by the ordinary process of law, because of the latter's insolvency, afforded no excuse to the corporation for not supplying the patron with water.

7. **Public Corporations:** DISCRIMINATION: MANDAMUS. *State v. Nebraska Telephone Co.*, 17 Neb., 126, followed and reaffirmed.

ERROR from the district court of Douglas county. Tried below before IRVINE, J.

The facts are stated in the opinion.

*Connell & Ives,* for plaintiff in error:

The water company has the right and power to make and enforce the regulation providing for a charge for shutting off and turning on water, provided it is a reasonable rule

and free from the charge of unlawful discrimination. (*Dartmouth College v. Woodward*, 4 Wheat. [U. S.], 518; *Girard Life Ins. Co. v. City of Philadelphia*, 88 Pa. St., 394; *Wendell v. State*, 62 Wis., 300; *Cleveland, C. & C. R. Co. v. Bartram*, 11 O. St., 457; *Shepard v. Milwaukee Gas Light Co.*, 6 Wis., 539; *Rockland Water Co. v. Adams*, 24 Atl. Rep. [Me.], 840; *Tacoma Hotel Co. v. Tacoma Light & Water Co.*, 28 Pac. Rep. [Wash.], 517; *Thomas v. Peterson*, 24 S. W. Rep. [Tex.], 1125; *William v. Mutual Gas Co.*, 18 N. W. Rep. [Mich.], 236; *Shepard v. Milwaukee Gas Light Co.*, 6 Wis., 539; *State v. Sedalia Gas Light Co.*, 34 Mo. App., 501; *Ferguson v. Metropolitan Gas Light Co.*, 37 How. Pr. [N. Y.], 191; *People v. Manhattan Gas Light Co.*, 45 Barb. [N. Y.], 136.)

The rule in controversy does not make an unlawful discrimination, and is a reasonable rule. (2 Rorer, Railroads [ed. 1884], 1369).

The *Webster Telephone Case*, 17 Neb., 126, does not apply for the following reasons: (1.) In that case no violation of a general rule or regulation of the respondent was shown. (2.) The reasonableness of the respondent's charge against the relator was in dispute between the parties. (3.) The relator was financially able to respond to any judgment which the telephone company might obtain against him. (4.) The action of the respondent was arbitrary and discriminative against the relator.

*Charles A. Goss, contra:*

The rule of the company providing for a charge of one dollar for shutting off the water and turning it on is unreasonable and should not be enforced. (*Shiras v. Ewing*, 48 Kan., 170; *Shepard v. Milwaukee Gas Light Co.*, 11 Wis., 234; *McDaniel v. Springfield Water-Works Co.*, 48 Mo. App., 273; *Gas Light Co. v. Colliday*, 25 Md., 1; *Lloyd v. Washington Gas Light Co.*, 1 Mackey [D. C.], 331; *Morey v. Metropolitan Gas Light Co.*, 38 N. Y. Superior Ct.,

185; *New Orleans Gas Light Co. v. Paulding*, 12 Rob. [La.], 378; *Sickles v. Manhattan Gas Light Co.*, 64 How. Pr. [N. Y.], 33; *Gray v. Elbling*, 35 Neb., 278.)

The rule is discriminatory. (*Webster Telephone Case*, 17 Neb., 126; *Jeffersonville R. Co. v. Rogers*, 38 Ind., 116; *Indianapolis, P. & C. R. Co. v. Rinard*, 46 Ind., 293; *Cleveland, C. & C. R. Co. v. Bartram*, 11 O. St., 457.)

RAGAN, C.

The state of Nebraska, upon the relation of W. I. Walker, filed an application in the district court of Douglas county against the American Water-Works Company (hereinafter called the "Water Company") for a peremptory writ of *mandamus* to compel the Water Company to furnish the relator water for use at his residence in the city of Omaha. The relator alleged in his application that the Water Company was a corporation doing business in the city of Omaha; that it was a common carrier and furnisher of water to the city of Omaha and its inhabitants; that it had secured a franchise from the city in and by which it had the right to use the streets, alleys, and public grounds thereof for laying its water mains and erecting its hydrants; that it was in the possession and use of the streets and alleys of said city for the purpose of supplying said city and its inhabitants with water; that the relator occupied a dwelling on Davenport street, in said city, near which dwelling the Water Company had a water main; that the Water Company had furnished him water at his premises since the 10th of February, 1890, at the rate charged by the Water Company of $11 per year; that he had always paid his water rents promptly on the 1st days of January and July in each year, as required by the rules of the company, until the 1st day of July, 1891; that his water rents were paid up to the last day mentioned; that on said date there became due to the Water Company $5.50, being the water rents from that date to the 1st day of January, 1892; that

he was absent from home on the 1st of July, 1891, and remained absent until about the first of August of that year; that by reason of the press of business he forgot after his return to pay his water rents until the 17th day of August, when the Water Company shut the water off from his residence; that on the 18th of August he went to the office of the Water Company in the city of Omaha and tendered it the rent from the 1st day of July, 1891, to the 1st day of January, 1892, and requested the Water Company to turn on the water at his residence, and that the Water Company refused to do so. The answer of the Water Company to the relator's application, so far as material here, alleged: That the relator had actual notice of the rules and regulations of the Water Company; that these rules were reasonable; that they were proper and necessary for carrying on its business and supplying water to its customers, and were enforced against all citizens and customers alike; that among such rules and regulations was the following: "Water rents will be due and payable on the 1st days of January and July of each year in advance at the company's office. * * If not paid within thirty days after they fall due, the water will be turned off and not turned on again until all back rents and charges are paid, including a charge of $1 for turning the water off and on;" that the relator refused to comply with this rule by paying the sum of $1 as required by it for turning the water off and on at his premises, and that relator was insolvent. The relator submitted a demurrer to this answer, which the district court sustained and issued the writ prayed for.

1. It is insisted that the judgment of the district court is wrong because the answer alleges, and the demurrer admits, that the charge of $1 demanded of relator for turning off and on the water was a reasonable charge; that the rule itself was a reasonable and proper and necessary to the carrying on of respondent's business and that relator was insolvent. But we are of opinion that all these aver-

ments of the answer, except the one as to the insolvency of the relator, are mere conclusions of law. "A demurrer to a pleading admits the truth of the facts well pleaded, for the purpose of determining their sufficiency as a cause of action or defense; but it does not admit the correctness of the conclusions of law therein set out." (*Smith v. Henry County*, 15 Ia., 385; *Branham v. Mayor of San Jose*, 24 Cal., 585.)

2. The allegation in the answer that the relator was insolvent, we think, tendered an immaterial issue, as will be seen further on.

3. The Water Company, though a private corporation, by virtue of the franchise granted it by the city of Omaha and its user of such franchise, became affected with a public use. By accepting such franchise and entering upon the business of furnishing water to the city and its inhabitants it assumed a public duty. That duty was to furnish water at reasonable rates to all the inhabitants of the city, and to charge each inhabitant of the city for water furnished the same price it charges every other inhabitant for a like service under the same or similar conditions. (*Williams v. Mutual Gas Co.*, 18 N. W. Rep. [Mich.], 236; *Shepard v. Milwaukee Gas Light Co.*, 6 Wis., 526.) And we have no doubt but that the Water Company had and has the right to prescribe all such rules and regulations for its convenience and security as are reasonable and just, and to refuse to furnish water to any inhabitant who refuses to comply with such reasonable rules and regulations. But such rules must be reasonable, just, lawful, and not discriminatory. (*Shepard v. Milwaukee Gas Light Co., supra.*) Is the rule pleaded by the respondent in its answer a reasonable and valid one with which relator must have complied as a condition precedent to his right to compel respondent to furnish him water? It is to be observed that the rule provides that if default shall be made in the payment of water rents the water shall be turned off and that

it will not be again turned on until two things are done: First, all back rents and charges paid; second, the payment of $1 extra for turning off and on the water. As the relator in this case tendered to the respondent the water rents from the 1st of July, 1891, to the 1st of January, 1892, the question whether that part of the rule requiring one in default for water rents to pay such rents as a condition precedent to his right to have the water turned on again is not necessarily involved in this case. The precise inquiry here is whether that part of the rule is reasonable which requires one in default for water rents, in order to procure the use of water, to pay this charge or penalty of $1. To be valid and enforceable it must in itself be lawful and reasonable and just, and it must not discriminate between persons similarly situated. The reasonableness and validity of the rules of private corporations which had assumed the performance of public duties, or by reason of the acceptance of franchises, and engaging in the business of serving the public by supplying it with water, gas, etc., and had thereby become public service corporations, have been frequently before the courts, but, so far as we know, no court has suggested a test for determining whether or not the rules of such a corporation are reasonable.

In *Tacoma Hotel Co. v. Tacoma Light & Water Co.*, 28 Pac. Rep. [Wash.], 517, it is said in the syllabus: "A rule of a water company which requires water rates to be paid quarterly, adds a penalty of five per cent in case of default of payment for ten days, and provides that after a default for fifteen days the water shall be shut off from the premises is a reasonable regulation."

In *Williams v. Mutual Gas Co.*, 18 N. W. Rep., [Mich.], 236, it was held: "The requirement of a deposit of money to guaranty the payment of the price of the gas used is not an unreasonable one, and the company may discontinue furnishing the gas unless complied with."

In *Shiras v. Ewing*, 48 Kan., 170, it was held that a

rule of a water company giving it the right to shut off water from the premises of a consumer who wastes it is reasonable.

In *People v. Manhattan Gas Light Co.*, 45 Barb. [N.Y.], 136, the right of a gas company to refuse to furnish a customer with gas until he paid his past due gas bills was affirmed.

In *Shepard v. Milwaukee Gas Light Co., supra,* the reasonableness of several rules of the gas company were considered. The ninth rule authorized the company, by its inspector, to have free access at all times to buildings and dwellings, to examine the whole apparatus and for the removal of the meter and service pipe. The court said: "This regulation is too general and cannot be upheld, or at least a party cannot be required to subscribe to it to entitle him to be furnished with gas." Rule 14 provided that the company should have the right at any time to shut off the gas if it should find it necessary to do so to protect itself from fraud. The court said: "Here the company assume the whole power to decide upon the question of abuse or fraud either in fact or in anticipation, without notice, without trial, of their own mere motion. This summary jurisdiction would not be given to any of the judicial courts in any case, but upon the most urgent emergency. * * * It is no hardship for the company to resort to the same tribunals, upon like process, for protection against fraud, as the law provides for individuals." Rule 16 provided that after the admission of gas into the fittings they should not be disconnected or opened, either for alteration or repairs, or extensions, without a permit from the company, which might be obtained at the company's office, free of expense, "and any gas fitter or other person who may violate this regulation will be held liable to pay treble the amount of damages occasioned thereby." The court said: "It is not to be allowed that the gas company can impose penalties in this way, or make the sub-

mission to such penalties a condition precedent to the right of the citizen to be furnished with gas. It is singular, if the legislature has given to the gas company the right to inhibit the citizen from altering the arrangement of his gas apparatus in his dwelling without their assent first had and obtained, or from extending the same; and still more singular that the company should claim the sovereign right to inflict penalties upon him for doing so."

In *Gas Light Co. of Baltimore v. Colliday*, 25 Md., 1, it was held that the gas company could not refuse to furnish gas to a person because he refused to pay a former gas bill or a bill contracted for gas used on other premises. (See *Lloyd v. Washington Gas Light Co.*, 1 Mackey [D. C.], 331; *New Orleans Gas Light Co. v. Paulding*, 12 Rob. [La.], 378.)

In *Sickles v. Manhattan Gas Light Co.*, 64 How. Pr. [N. Y.], 33, a dispute arose between the gas company and the consumer, and it was held that the latter was entitled to have his rights investigated by the courts, and that the company would be enjoined from cutting off the gas until a trial of the case could be had.

In *Rockland Water Co. v. Adams*, 24 Atl. Rep. [Me], 840, a rule of the water company provided that users of water should be liable to pay rent for the whole year, whether they actually used it for that length of time or not, and the payments for water should be made yearly in advance. This rule was held to be unreasonable and void.

In *State v. Nebraska Telephone Co.*, 17 Neb., 126, during the year 1883, Webster had a telephone in an office, but the telephone company for some reason neglected to furnish him a list of its subscribers residing in the city of Lincoln and other cities and villages reached by its telephone lines. When Webster's telephone rent became due he refused to pay for that part of the time he had used the telephone and during which he had been deprived of the list of subscribers. A dispute arose between Webster and the telephone company, and the company removed its telephone from

Webster's office. Some time after that Webster requested the telephone company to put a telephone in his office, and tendered the company the sum charged its regular subscribers for such work. It does not appear that Webster tendered his telephone rents in advance nor that the rents were payable in advance, but it appears from the report of the case that Webster was financially able to pay the telephone rents when they matured. The telephone company refused to put in the telephone, alleging that the telephone had been removed from Webster's office by reason of his refusal to pay his rents. Webster then applied to this court for a *mandamus* to compel the telephone company to furnish him a telephone, and the court awarded the writ. The court said: " It is insisted that the conduct of the relator [the refusal of Webster to pay the rent of the telephone which had been removed from his office] now relieves respondent from any obligation to furnish the telephone even if such obligation would otherwise exist. We cannot see that the relations of the parties to each other [growing out of their past transactions] can have any influence upon their rights and obligations in this action. If relator is indebted to respondent for the use of its telephone the law gives it an adequate remedy by an action for the amount due. If the telephone [company] has become such a public servant as to be subject to the process of the courts in compelling it to discharge public duties, the mere fact of a misunderstanding with those who desire to receive its public benefits will not alone relieve it from the discharge of those duties. While either, or perhaps both, of the parties may have been in the wrong, so far as the past is concerned, we fail to perceive how it can affect the rights of the parties to this action." This case is decisive of the question under consideration and also disposes of the issue of relator's insolvency tendered by the answer of respondent. In the *Webster Telephone Case* respondent refused to furnish a telephone be-

cause it alleged that Webster was indebted to it for the rent of a telephone previously furnished to and used by him, and which had been removed because of his failure to pay the rent. In the case at bar the Water Company refused to furnish relator water because it alleged that the relator was indebted to it for having turned off the water from his premises while he was in default in paying his water rent. The cost and expense of turning off and on water for a patron enters into and forms a part of the semi-annual water rent paid in advance by such patron under the rules of the company. It would be unjust to permit the Water Company to exact payment for this service a second time. An enforcement of the rule would compel a citizen who had once made a default in his water rent, though he afterwards paid all such rents, to pay a greater price or rate for water than that paid by another citizen for the same water under the same conditions. We reach the conclusion that the respondent in this case has shown no sufficient excuse for not furnishing the relator with water; and that the rule invoked by it to stay the process of the courts is unreasonable and discriminatory in its nature, and therefore void. The judgment of the district court is

AFFIRMED.

IRVINE, C, not sitting.