[No. 8757.   Department One.   June 23, 1910.]

THE STATE OF WASHINGTON, *on the Relation of Thomas B. MacMahon, Respondent*, v. INDEPENDENT TELEPHONE COMPANY, *Appellant*.[1]

TELEPHONE COMPANIES—RATES—MAXIMUM—CHARGES OF DELINQUENCY. The rule of a telephone company that its rentals shall be payable monthly in advance, and 50 cents added as a collection fee if not paid on the tenth of the month, is a reasonable rule which such a company may enforce as a public service corporation; and the fifty-cent fee is not in addition to the maximum charge allowed by its franchise, but is a reasonable regulation and charge for default and delinquency (FULLERTON, J., dissenting).

Appeal from a judgment of the superior court for King county, Robert H. Lindsay, Esq., Judge *pro tempore*, entered January 12, 1910, in favor of the plaintiff, granting a writ of mandamus, upon sustaining a demurrer to the answer. Reversed.

*George D. Emery*, for appellant.

*Thomas B. MacMahon, pro se* (*Winter S. Martin*, of counsel).

MORRIS, J.—Appellant operates its telephone system in Seattle under a franchise establishing rates for the different lines, and fixing the rate to be charged for a telephone on a one-party residence line at the sum of $2.50, and which concludes as follows: "The foregoing rates shall be the maxi-

[1]Reported in 109 Pac. 366.

mum rates to be charged and received for such telephones."
Appellant also operates in what was formerly West Seattle,
under a franchise establishing the rates to be charged under
such franchise, and containing the further provision that
such charges shall be paid in advance before the 10th of each
month, after which time an additional charge of fifty cents
may be made to cover the costs of collection.

On January 27, 1909, the relator and the appellant en-
tered into a contract for the installation of a one-party line
telephone at relator's residence, 403, 9th avenue, Seattle.
The rate fixed was $2.50 per month, payable in advance at
the office of the company, or on before the tenth day of each
month, to which was to be added all long distance calls made
over relator's telephone. It was then provided that in case
the monthly advance payment was not made, an additional
charge of fifty cents each month would be paid by relator as
compensation for the additional cost of collecting and hand-
ling the account. There was a further provision that in
case of a removal of the instrument from one location to an-
other, relator would pay the cost of such removal. In June
following, relator removed to what was formerly West Seat-
tle (said city having become a part of the city of Seattle
July 24, 1907), and upon his request the company removed
his telephone to his new residence and was paid for such
removal by relator. On November 17, 1909, relator re-
quested the company to remove his telephone to 2814, Frank-
lin avenue, Seattle, which the company refused to do until
relator paid his arrears for the months of September, Oc-
tober, and November, amounting, including the fifty cent
charge because of nonpayment in advance, to the sum of $9.
Relator refused to pay such sum, and again on December
23, requested such change to be made, accompanying his
request with a check for $10. This request was refused by
the company, it then claiming an additional sum of $3 for
the December rental. Relator then sued out this writ of

mandate, which being granted by the court below, the company appeals.

The contention of relator, and the theory upon which the court below granted the writ, is that, inasmuch as the franchise under which appellant operates in the city of Seattle provides that the rates established by such franchise, including a $2.50 monthly rate for a one-party residence line, shall be the maximum charge, the appellant is not justified in its charge of an additional fifty cents, when the regular monthly rate is not paid in advance. It will not be doubted that a telephone company has the power to establish rules and regulations for the operation and conduct of its business in a given territory, when such rules and regulations are reasonable in their requirements, and not in conflict with any provision of general law, or any special provision of the franchise under which it obtains and exercises its rights in the territory. Telephone companies, being public service corporations, are charged with certain public duties, which they may not refuse, and any rule or regulation which falls within the character above referred to which is reasonably proper and necessary to enable them to fulfill and discharge these public duties and render the public efficient service will be enforced. A rule requiring the payment of its monthly rentals in advance is a regulation of the permitted character, and so is the further regulation that, unless the service is paid for in advance, it may be denied. The company being bound to render the public efficient service, it has the right to enforce such rules as will provide for the prompt payment of its rentals, and thus provide for the securing of funds with which it may insure and protect the efficiency of its plant and keep it at such a standard as will enable it to discharge its public duties, when called upon to do so, either voluntarily at the request of the individual, or involuntarily at the command of the courts. Being a public service corporation, it is compelled to serve the individual when such service is demanded, but this does not take from it the right

to demand that the continuance of such service be conditional upon the prompt payment of a reasonable rental, which shall be sufficient to enable the company to render an efficient service to its patrons, and at the same time provide a reasonable profit for itself. This is the reasoning upon which the courts have held companies of this character justified in withdrawing their service, when their charges are not promptly paid, or where a regulation fairly and generally beneficial to the company and its patrons remains uncomplied with. *Rushville Co.-op. Tel. Co. v. Irvin*, 27 Ind. App. 62, 59 N. E. 327; *Hewlett v. Western Union Tel. Co.*, 28 Fed. 181; *McDaniel v. Faubush Tel. Co.*, 32 Ky. Law 572, 106 S. W. 825; Jones, Telegraph & Telephone Companies, §§ 341, 352.

Manifestly, if all the subscribers of appellant continuously refused to pay their rentals in advance, and thus necessitated the employment of collectors, additional office force, and the incurring of other expenses incident to the collection of such rentals, the moneys thus expended must be taken from the revenues of the company, and thus impair a fund to which the company must look for the expenditure necessary to keep its plant in the highly efficient condition required and demanded because of the public nature of the service. It is therefore not unreasonable that the company adopt a rule and enforce a regulation providing for the payment of its rentals in advance, and for an additional charge in case such requirement is not complied with. Such a charge is not an addition to the maximum rate provided for in the franchise. It is rather a charge for default and delinquency, which may be avoided by a compliance with the reasonable regulation for the payment of rentals in advance.

There is some discussion in the briefs as to whether the fifty-cent charge is in the nature of liquidated damages for the breach of contract to pay in advance, or whether it is a penalty. It is immaterial what its nature may be, and we shall not attempt to critically analyze or define it. It was a proper regulation of the company to assist in the prompt

payment of the monthly rentals, and as such a proper and reasonable regulation, it is sustained.  It is not a fixed rate which must be paid to receive the service of the company, and which may not be increased from that fixed by the city in granting the franchise.  It is rather in the nature of a regulation to insure the prompt payment of that fixed rate, beneficial alike to the company and its subscribers.  In the case of *Tacoma Hotel Co. v. Tacoma Light & Water Co.*, 3 Wash. 316, 28 Pac. 516, 28 Am. St. 35, 14 L. R. A. 669, the water company refused to supply water to the hotel company unless it paid its arrears in the sum of $478.10, to which a penalty for such failure to pay was added, increasing the amount to $502; and the refusal was sustained as a proper regulative and reasonable requirement.

We have not referred to the fact that the franchise under which appellant first operated in West Seattle provides for the payment of the additional fifty cents in case the monthly rental be not paid in advance; preferring to rest our decision upon the reasons given, without deciding whether, since West Seattle became part of Seattle, the appellant's rights in that territory are to be determined by its West Seattle or its Seattle franchise.

The case comes here upon a judgment entered upon appellant's refusal to plead further, upon the court sustaining a general demurrer to the amended answer which sets forth the facts heretofore referred to.  The order will be that the judgment is reversed, and the cause remanded with instructions to overrule the demurrer.

RUDKIN, C. J., CHADWICK, and GOSE, JJ., concur.

FULLERTON, J. (dissenting)—The franchise under which the appellant operates provides that the appellant shall not charge or receive from one in respondent's situation for the rental or use of a telephone any greater rate or sum than $2.50 per month.  It gives the appellant no power to impose fines or penalties, nor does it authorize the appellant to

charge the cost of collecting the rentals to the user of the phones. I am of the opinion, therefore, that the grantor of the franchise intended the amount fixed therein to be a maximum rate, covering all contingencies, the cost of collecting from subscribers, as well as the other expenses connected with the operation of the system. Hence the additional charge imposed on the respondent for delinquency, since it makes the whole charge exceed the maximum permitted by the franchise, is unwarranted.

The judgment should be affirmed.