(No. 1611, April 28, 1914)

P. SEI, Appellant, vs. WATER SUPPLY COMPANY of Albuquerque, New Mexico, Appellee.

### SYLLABUS BY THE COURT.

1. A rule adopted by a water supply company, engaged in supplying water, under a franchise, to a city and its inhabitants, which provides that all bills shall be paid monthly, within a reasonable time after they become due, and in case such payment is not so made, the water will be turned off for non-payment and a charge of one dollar made for turning off and turning on the same, is reasonable and not discriminatory, and may be enforced by the company.

P. 73.

Appeal from the District Court, Bernalillo County. Herbert F. Raynolds, Presiding Judge. Affirmed.

JOHN C. LEWIS, Attorney for Appellee.

Reasonableness of rule of water company. 28 Pac. 519; 31 L. R. A. 305; 139 U. S. 55; 204 U. S. 116; 201 U. S. 471; 9 How. 172; 11 Pet. 544; 200 U. S. 22.

A. B. McMILLEN, Attorney for Appellee.

Power of water supply company to make rules unquestioned. 72 S. W. 985; 6 Pa. Dist. R. 544; 90 Ga. 486; 88 Pa. 393; 12 Atl. 855; 107 Pa. 102; 90 Cal. 635; 3 Wash. 316; 48 Mo. Ap. 273; 104 Ala. 315; 87 Me. 287; 131 Ala. 447; 100 Me. 496; 68 A. S. R. 432; 112 A. S. R. 468; 71 S. W. 1019; 62 Atl. 777; 63 Atl. 13; 54 Pac. 969; 47 N. E. 905; 61 Pac. 518; 53 S. W. 993; 281 Ill. 40; 17 L. R. A. 923; 6 L. R. A. 198; 31 L. R. A. 301; 48 Kan 170; 40 L. R. A. 263; 83 Ohio St. 216; 28 Pac. 516.

### OPINION.

ROBERTS, C. J.—There is but one question involved in this appeal, viz: Where a company is engaged in supplying water to a municipality and its inhabitants, under a franchise limiting the maximum charge which said company may impose for water supplied, is a rule which provides that in case a' water consumer does not pay his monthly water rent within a reasonable time after the same becomes due, the water will be turned off for non-payment and a charge of one dollar made for the turning off and turning on the same, reasonable and enforcible? The trial court, after hearing evidence as to the expense entailed by the turning off and on of water, in such cases, to the company, sustained and upheld the validity and reasonableness of the regulation in dispute and denied appellant's right to recover from the company the one dollar paid, in compliance with the rule.

That a water company may adopt and enforce, as a reasonable regulation for conducting such business, a rule providing that the water so supplied may be shut off for non-payment therefor; and, that in pursuance of such regulation, the water supply may be discontinued on the failure of the consumer to pay the water rent, is so well settled, and so universally sustained, where there is no dispute as to the accuracy of the amount claimed, or the justness of the charge, that further discussion of this question would be futile and unproductive. State ex rel. Burg vs. Water Supply Co., decided at the present term of this court, and see note to case of Mansfield vs. Humphreys Mfg. Co., 19 Am. & Eng. Ann. Cases, 482, where the authorities are collected.

Such being the case, the only question necessary to consider is whether the imposition of the charge of one dollar for turning off and on the water renders the rule unreasonable, unjust, unlawful or discriminatory. If it does not it may be enforced; if it does so it may not.

Appellant argues that the franchise having prescribed the maximum rates which the appellee is authorized to charge for water furnished the consumers, there is necessarily included, in the charge imposed, all expenses en-

tailed upon the company by turning on and off the supply, and delivering water to the consumer as required. That appellee could not lawfully exact from the consumer, who desired to take water from it, any charge for any duty on its part to be performed, in order to enable it to supply the commodity. Conceding this contention, however, it does not necessarily follow that the rule in question is unreasonable or discriminatory, for, it must be remembered that this charge is imposed because of the delay in the payment of the consumer's debt to the company, and in such case, where the company is compelled to turn off the water to enforce the payment of the amount owing, the expense and trouble occasioned thereby can not be said to be a duty which the company assumed under its franchise. All its customers are supposed to promptly pay for the water consumed by them, and where they do so; of course the public utility company must deliver the same to them at not to exceed the maximum rate which it is authorized by its franchise to exact. When the rates are fixed by the parties to the franchise, they are based upon the assumption that the consumers will pay, within the time required, for the service supplied, and it is upon this assumption that the charges are based. The city council, when it specified the rates which the company could charge, necessarily intended to permit the company to earn a sufficient amount to afford reasonable returns to the stockholders, and to provide for the maintenance, repair, extension and betterment of the plant, so that the efficiency of the service should at all times be maintained. This the company could only do by collecting promptly, and without expense, the charges for water. Its consumers number more than 2,500, and the amount collected monthly from each is comparatively small. If, as appellant argues, the appellee is without authority to impose a reasonable charge or penalty upon the delinquent customer, but must itself bear this expense of turning off and on the water, its revenues might seriously be impaired and the efficiency of the service greatly hampered. The evidence discloses, and the court found, that the charge of one dollar imposed was the actual ex-

pense to the company of turning off and on the water. Let us suppose for instance, that each of the 2,500 customers should refuse to pay their monthly bills and the company, in order to collect should turn off the water, and upon payment being made turn it on again. A monthly expense of $2,500 would be entailed upon the company, which, it will be seen would ultimately lead to its bankruptcy and the suspension of the service entirely. It is to the interest not only of the company, but to every consumer who pays his bills and the city likewise, that the appellee should be enabled, without expense to it, to collect for water used. As was well said by the Supreme Court of Washington, in the case of State ex rel. Mac-Mahon vs. Independent Telephone Co., 59 Wash. 156; 109 Pac. 366, 31 L. R. A. (N. S.) 329:

"The company being bound to render the public efficient service, it has the right to enforce such rules as will provide for the prompt payment of its rentals, and thus provide for the securing of funds with which it may insure and protect the efficiency of its plant and keep it at such a standard as will enable it to discharge its public duties, when called upon to do so, either voluntarily at the request of the individual, or involuntarily at the command of the courts. Being a public service corporation, it is compelled to serve the individual when such service is demanded, but this does not take from it the right to demand that the continuance of such service be conditional upon the prompt payment of a reasonable rental, which shall be sufficient to enable the company to render an efficient service to its patrons, and at the same time provide a reasonable profit for itself. This is the reasoning upon which the courts have held companies of this character justified in withdrawing their service, when their charges are not promptly paid, or where a regulation fairly and generally beneficial to the company and its patrons remains uncomplied with. Rushville Co-op. Tel. Co. vs. Irwin, 27 Ind. App. 62, 59 N. E. 327; Hewlett vs. Western Union Tel. Co. (C. C.), 28 Fed. 181; McDaniel vs. Faubush Tel. Co., 106 S. W. 825, 32 Ky. Law Rep. 572; Jones, Telegraph & Telephone Compa-

nies, Secs. 341, 352. Manifestly, if all the subscribers
of appellant continuously refused to pay their rentals in
advance, and thus necessitated the employment of col-
lectors, additional office force, and the incurring of other
expenses incident to the collection of such rentals, the
moneys thus expended must be taken from the revenues
of the company, and thus impair a fund to which the
company must look for the expenditure necessary to keep
its plant in the highly efficient condition required and
demanded because of the public nature of the service.
**1** It is therefore not unreasonable that the company
adopt a rule and enforce a regulation providing for
the payment of its rentals in advance, and for an addi-
tional charge in case such requirement is not complied
with. Such charge is not an addition to the maximum
rate provided for in the franchise. It is rather a charge
for default and delinquency, which may be avoided by a
compliance with the reasonable regulation for the pay-
ment of rentals in advance."

The argument advanced by the Washington Court in
the above case, is, we think, convincing; and clearly sus-
tains appellee's contention in this case.

While there are apparently but few adjudicated cases
upon the question, the weight of authority is in accord
with the views which we have expressed.

In the case of Bowers vs. United Gas Improv. Co., 37
Pa. Super Ct., the court upheld a regulation requiring
citizens who desire to become consumers of gas, to sign
a contract to submit to a regulation that a penalty of 3
per cent might be added on the bill, if it was not paid
within five days after presentation.

In the case of Girard Life Ins. Co. vs. Philadelphia,
88 Pa. 393, the court sustained a regulation of the water
department of a city claiming the right to shut off the
supply unless payment was made of arrears for three
years, together with a penalty of 15 per cent.

In Mansfield vs. Humphreys Mfg. Co., 82 Ohio St. 216,
92 N. E. 233, the court upheld a regulation that where
water has been turned off for neglect or refusal to pay
rental when due, it shall not be turned on again until

all back rent and damages shall be paid, and the further sum of one dollar for turning on and off the water.

Appellant relies upon the cases of American Waterworks Co. vs. State, 46 Neb. 194, 30 L. R. A. 447; 50 Am. St. Rep. 610, 64 N. W. 711, and State vs. Nebraska Telephone Co., 17 Neb. 126, which, it must be conceded, fully support his contention, but we cannot agree with the reasoning of those cases.

The rule is not discriminatory, for it applies alike to all who do not pay their bills for water promptly.

For the reasons stated, the judgment of the district court will be affirmed, and it is so ordered.

### SYLLABUS BY THE COURT.

