REQUESTED BY: Senator William E. Nichol Room 1107 State Capitol Lincoln, Nebraska 68509
Dear Senator Nichol:
This is in response to your letter of November 8, 1982, in which you state that you are preparing legislation to clarify Nebraska Revised Statute, Section 70-655. In that letter you ask whether Nebraska Public Power District (NPPD) has statutory authority to charge different rates among cities within the District, depending upon whether or not capitol improvements are made to the particular city's electrical distribution system.
We have concluded that NPPD could, under Neb.Rev.Stat. § 70-655 (Reissue 1981), vary its rates among cities within the District if there is a just and reasonable basis for doing so.
Neb.Rev.Stat. § 70-655 (Reissue 1981) provides that:
 The board of directors of any district organized under or subject to Chapter 70, article 6, shall have the power and be required to fix, establish, and collect adequate rates, tolls, rents, and other charges, for electrical energy, water service, water storage, and for any and all other commodities, services, or facilities sold, furnished, or supplied by the district, which rates, tolls, rents, and charges shall be fair, reasonable, nondiscriminatory, and so adjusted as in a fair and equitable manner to confer upon and distribute among the users and consumers of commodities and services furnished or sold by the district the benefits of a successful and profitable operation and conduct of the business of the district.
Although § 70-655 requires rates to be `nondiscriminatory,' that statute would not absolutely prohibit variable rates among different users, or consumers, within the Nebraska Public Power District.
As our Supreme Court pointed out in the case ofErickson v. Metro Utilities District, 171 Neb. 654,107 N.W.2d 324 (1961):
 "Those engaged in serving the public cannot make unreasonable and unjust discrimination, either in service or rates, among their patrons. Discriminations between patrons by a public service company, including discriminations as to rates, are invalid, provided the discrimination is an unjust one. . . ."
 The charges must be equal to all for the same service under like circumstances.
The public duty of a municipal corporation is to furnish a service at reasonable rates to all the inhabitants of the municipal corporation, and to charge each inhabitant the same price it charges every other inhabitant for the same service under the same or similar conditions. American WaterWorks Company v. State ex rel. Walker, 46 Neb. 194
(1895).
Of course, whether or not cities within the district are sufficiently dissimilar with respect to their power requirements to justify a selective rate, or classification, by NPPD is subject to a case-by-case determination. Nevertheless, such classification would be permissible under the circumstances described above, and under § 70-655.
Until such time as we might have an opportunity to review legislation which you may propose pertaining to the herein matter, we are unable to comment regarding the constitutional sufficiency of such legislation, or to determine whether such legislation conflicts with § 70-655.
Very truly yours, PAUL L. DOUGLAS Attorney General Frank J. Hutfless Assistant Attorney General