# City of Montgomery *v.* Greene, *et al.*

## *Injunction.*

(Decided June 11, 1914.    65 South. 783.)

*Waters and Watercourses; Public Supply; Obligations of City; Rights of Consumers.*—Where a city is authorized to and does construct a water supply for its inhabitants, and by its action and conduct makes outsiders regular customers and patrons, it must furnish them water at the same rates as those within the city, in the absence of some physical difference justifying a separate classification of those consumers who reside outside the limits.

APPEAL from Montgomery Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by R. H. Greene and others against the city of Montgomery for a mandatory injunction requiring the city to furnish complainant water at their regular rates, and to supply meters. From a decree granting the relief prayed respondent appeals. Affirmed.

For former report of this case, see 180 Ala. 322; 60 South. 900.

W. A. GUNTER and C. P. MCINTYRE, for appellant. The appellant is operating a system of waterworks for the inhabitants of the city of Montgomery, and the rate to the inhabitants has no relation whatever to the value of the water supply, and neither the inhabitants nor the trustees owe any public duty to those living outside the corporate limits.—A. & E. A. Cases, 519; 10 Id. 130; 44 N. E. 247; 24 Am. Rep. 610; 61 L. R. A. 41. The bill is not filed to enforce any contract, but is filed on the theory of a public duty on the part of the city to supply complainants with water, complainants being inhabitants of another city, which is an anomaly.—42 N. Y. 283. The bill did not state a case within the jurisdiction of the court, and should have been dismissed ex mero motu.—115 Ala. 548.

C. H. ROQUEMORE, E. T. GRAHAM and HILL, HILL, WHITING & STERN, for appellee. Counsel rely for an affirmance upon the authorities of the former appeal, 180 Ala. 322, and authorities cited in the opinion, and in the brief of counsel for appellee.

ANDERSON, C. J.—It may be conceded that the city is under no obligation to supply an ordinary outlander with water, or to do so at the same rate as those

entitled to the service under the terms of the charter contract. We are not, however, dealing with the ordinary outlander, but with those who have been made, by the action of the city, its regular consumers and patrons, and who are entitled to the same protection with its other customers and patrons belonging to the same class, whether within or without the corporate limits of the city. It was optional with the city, under the act of the Legislature, as to whether or not it would extend its system to that particular locality now known as Cloverdale, but when it did so, section 4 of the act gives it only the same rights and powers over the extension as it was given over the original system, no more and no less.

That the bill avers and the proof shows that the city has entended its system to the locality embracing these complainants, and which was within the police jurisdiction at the time, though now designated as the town of Cloverdale, there is no doubt. Indeed this was practically admitted by one of the appellant's counsel and which said admission is, we think, fully justified by the record. Therefore, with this question settled, this case must be affirmed, unless we recede from our former opinion as reported in 180 Ala. 322, 60 South. p. 900, to the effect that, in the absence of some physical difference so as to justify a separate classification, these complainants must be supplied with water at the same rate as those of the same class whether in the town of Cloverdale or the city of Montgomery, and that the mere fact that one was within and the other beyond the corporate limits of the city did not afford a basis for a separate and distinct classification. It is conceded that the former holding is sound if we were dealing with an ordinary water company undertaking to supply water for a profit, instead of with a municipality which had undertaken

to supply its inhabitants with water. This point was so strongly urged upon the former appeal and upon the application for rehearing that we attempt to respond to same, and we again refer to the authorities quoted and cited in said response, which puts a municipality upon the identical footing with an ordinary company when undertaking to supply a monopoly. Indeed we have found no authority which warrants the distinction contended for, and find many that do not. If, however, the authorities authorized a distinction, we think the question is settled by the statute under which the city derives its rights and powers, and which contemplates that the rights and powers of the city over the extension should be the same as that given and exercised over the original system.

The decree of the chancery court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and DE GRAFFENRIED, JJ., concur.