# Richmond

**SHIRLEY-DUKE APARTMENTS, SECTION ONE, INCORPORATED v. BOARD OF COUNTY SUPERVISORS OF FAIRFAX COUNTY.**

April 26, 1957.

Record No. 4649.

Present, Eggleston, Buchanan, Miller, Whittle and Snead, JJ.

The opinion states the case.

*Albert V. Bryan, Jr.* and *Carl Budwesky*, for the plaintiff in error.

*Rothwell J. Lillard (Robert J. McCandlish, Jr.; Robert C. Fitz-*

_gerald; Richardson, McCandlish, Lillard, Marsh & Van Dyck,_ on brief), for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

The Board of County Supervisors of Fairfax county filed its motion for judgment against Shirley-Duke Apartments, Section One, Incorporated, to recover the sum of $8,201.25, with interest, for sewerage service charges alleged to be due for the connection of the defendant's apartment buildings with the sanitary sewerage system of the plaintiff for three-quarters of the year 1955. In its pleadings the defendant alleged that the charges were excessive in that they were based upon the rate of $6.75 per quarter for each family unit, whereas a proper charge was at the rate of $3.00 per quarter for each family unit. The defendant offered to pay the charges, with interest, based on the lower rate. The case was submitted to the lower court without a jury upon an agreed statement of facts and resulted in a judgment in favor of the plaintiff for the full amount claimed. We granted the defendant a writ of error.

Five similar actions filed by the plaintiff against Shirley-Duke Apartments, Section Two, Incorporated; Shirley-Duke Apartments, Section Three, Incorporated; Shirley-Duke Apartments, Section Four, Incorporated; Shirley-Duke Apartments, Section Five, Incorporated, and Shirley-Duke Apartments, Section Six, Incorporated, involving the same issue, resulted in similar judgments. By a stipulation of the parties, approved by the lower court, the result in each of these latter cases will be concluded by the outcome of the present appeal.

The pertinent agreed facts may be summarized thus, the parties being referred to as they appeared in the lower court:

The construction of the Shirley-Duke Apartments project, owned by these six corporations and embracing over 2,000 apartments, was begun in July, 1949, and completed in September, 1950. The site was then in Fairfax county and in the area served by Sanitary District No. 1 which had been established pursuant to the provisions of Chapter 65-A, Article 2 (§ 1560-m, etc.) of Michie's Code of 1942.[1] Under the enabling legislation the governing body of the district was authorized to require the owners or tenants of property in the district

---

[1] These sections were codified in the Code of 1950 as § 21-113, etc. See also, Acts 1926, ch. 161, p. 289, as amended by Acts 1944, ch. 304, p. 440; Acts 1946, ch. 84, p. 104; Acts 1948, ch. 94, p. 152.

to connect with its available sanitary sewers. The governing body was further authorized to fix and prescribe service charges for the use of the system, and to levy and collect what may be called an annual "sewer tax" on the taxable property in the district to pay, in whole or in part, the expenses incidental to the maintenance and operation of the system.

Each of the Shirley-Duke corporations filed a written application for sewerage service to its apartments, in which it agreed "to pay all charges for service rendered * * * , until such time as the said Board shall receive proper notice to discontinue service and terminate this agreement." Each corporation was granted permission to connect with the sanitary system and was charged the then prevailing service charge of $3.00 per quarter for each family unit. None of the defendant corporations has given any notice to discontinue the service and terminate the agreement.

In addition to this service charge, so long as the properties of the defendant were in Fairfax county they were subject to the above "sewer tax" which was levied on other properties in the district.

By virtue of an order entered by the Circuit Court of Fairfax county, in an annexation proceeding, certain territory within which the properties of the Shirley-Duke corporations lay was annexed to the city of Alexandria, effective January 1, 1952.[2] In providing for the usual debt adjustment between the two governmental bodies, the annexation order directed the city to pay to the county a stated amount as the city's just proportion of the $3,000,000 of outstanding bonds which had been issued by Sanitary District No. 1. With the consent of the city and the county, title to that portion of the sewerage system in the annexed territory did not pass to the city. This was because such system was then owned by the Federal Government and negotiations were pending for its purchase by the county.

The annexation order contained this provision which is pertinent to the present litigation:

"The County of Fairfax shall have the right commencing with the effective date of this decree to charge and collect an annual service charge equal to that prevailing in Sanitary District No. 1 from each of the sewer connection users within the area to be annexed, and a like sum from any person within said area to be annexed who shall connect to and use said sewer."

---

[2] The order was affirmed on appeal. See *Fairfax County v. City of Alexandria,* 193 Va. 82, 68 S. E. 2d 101.

From the effective date of the annexation, January 1, 1952, through December 31, 1954, the same sewerage charge of $3.00 per quarter for each family unit was continued in effect throughout the territory served by the Sanitary District, including that which had been annexed to the city. The Shirley-Duke corporations continued to pay such charges, but were, of course, relieved of the necessity of paying the "sewer tax" which was levied on property lying in the district but outside of the annexed territory.

In the meantime, on September 1, 1954, pursuant to Acts of 1954, ch. 324, p. 395, the Board of Supervisors had acquired title to the sewerage system of Sanitary District No. 1, which became an integral part of the comprehensive county sewerage system. To finance the acquisition, construction and maintenance of this comprehensive county sewerage system, and to pay off and discharge the then outstanding $3,000,000 of bonds which had been issued by Sanitary District No. 1, the Board of Supervisors authorized a bond issue of $20,000,000. Under the terms of the resolution authorizing this latter bond issue, the entire financial requirements of the comprehensive county sewerage system, including debt service, are to be paid out of service charges to be collected from the users of the system. To meet this requirement the Board of Supervisors increased the sewerage service charge from $3.00 per quarter per family unit to $6.75, effective January 1, 1955. This increased charge was made applicable to the properties in the territory which had been annexed to the city of Alexandria, as well as those in the territory located in the county. At the same time the Board discontinued the "sewer tax" which had been previously assessed on property located in the county and in the Sanitary District.

The record further discloses that in the meantime, in November, 1953, Sanitary District No. 1 and the Alexandria Sanitation Authority had entered into an agreement for the construction of a plant for the treatment of the sewage from properties in the city and a substantial part of the sewage from properties located in the district. It was contemplated that that plant would be completed and put into operation about July 1, 1956.

After that plant is put into operation the Shirley-Duke corporations and other properties lying in the annexed territory and connecting with the facilities of what was formerly Sanitary District No. 1, will be relieved of paying the County Board or district any charge for such service. Inasmuch as the city of Alexandria exacts no

sewerage charge for properties located within its boundaries, the Shirley-Duke corporations will be required to pay none.

The defendant does not contend that the increased charges are in themselves unreasonable and excessive. Indeed, both parties agree that under our holding in *City of Roanoke v. Fisher*, 193 Va. 651, 70 S. E. 2d 274, the adjustment of sewerage service charges previously imposed by a sanitary district of a county upon territory annexed to a city is a matter properly to be dealt with in annexation proceedings, and that such adjustment was the purpose and intent of the above-quoted paragraph of the annexation order. Accordingly, both agree that whether the plaintiff Board may exact the increased charges of the defendant depends upon the proper interpretation of that order.

The defendant's position is that the order must be interpreted in the light of the conditions existing at the time of its entry, on December 19, 1950; that at that time there was an outstanding bond issue of $3,000,000 by Sanitary District No. 1; that a service charge of $3.00 per quarter per family unit plus the above-mentioned sewer tax were sufficient to maintain the system and liquidate that bond issue; and that it was not contemplated by the framers of the order that the county might dispense with the sewer tax and increase its service charges to properties lying in the annexed territory, with the result that the owners of these latter properties would be required to pay a part of the cost of enlarging the system in the county and paying interest on and liquidating the larger bond issue of $20,000,000. Hence, it says, the County Board should be limited to the charge of $3.00 per quarter per family unit for property owners in the annexed territory, which was in effect at the time of the entry of the order and which is a "fair and just compensation" for the services rendered to them.

The contention of the plaintiff Board is that it was the plain purpose of the provision in the annexation order that the same service charges should be exacted of all users of the sewerage system, whether they be located in the annexed territory or in the county, and that since such a uniform charge has been made of both classes of users the judgment of the lower court is plainly right.

In its final analysis, the argument of the defendant is that because of the then existing conditions it was the purpose and intent of the order to limit the charges which the County Board might exact of the users of the system in the annexed territory to the charges which were then in effect. But plainly the order does not so provide.

We agree with the position of the plaintiff Board. While the wording of the paragraph is perhaps redundant, its meaning is plain. It authorizes the county "to charge and collect an annual service charge equal to that prevailing in Sanitary District No. 1 from each of the sewer connection users within the area to be annexed." This language pertains to those who, like the defendant, were then the users of that part of the system located in the territory to be annexed. It then authorizes the county to charge and collect "a like sum from any person within said area to be annexed who shall connect *to* and use said sewer." This includes those in the territory to be annexed who might thereafter connect with and use the system. There is no limitation on the charge to be exacted of a user in the territory to be annexed, other than that it shall be "equal to that prevailing in Sanitary District No. 1." Thus, the users in the territory to be annexed and those in the territory left in the county are placed on the same footing.

Moreover, the printed record in the annexation proceedings is before us as an exhibit in the present case. It clearly appears therefrom that this matter of the service charges to be exacted by the county from property owners in the annexed territory was fully discussed. The original order provided for a fixed service charge for property owners in the annexed territory. Counsel for the county objected to such fixed charge, arguing that it might be necessary to enlarge the system and thus the charges might have to be increased, and that if so, such increase should be shared by the users in the annexed territory as well as those in the county. The court agreed, and at the suggestion of one of its members the fixed charge was deleted and the order changed to read: "a service charge equal to that prevailing in Sanitary District No. 1."

It thus appears both from the language of the annexation order itself as well as the underlying reasons therefor, that the users in the annexed territory were to be required to pay the same charges which were exacted of the users in that portion of Sanitary District No. 1 lying outside of the city limits. Since the charges here in question have been levied in accordance with this formula, the judgment is

*Affirmed.*