[State ex rel. Ferguson v. Birmingham W. Works Co.]

# State *ex rel.* Ferguson *v.* Birmingham W. Works Co.

## *Mandamus.*

(Decided Jan. 11, 1910.  51 South. 354.)

1. *Waters and Water-courses; Public Supply; Rights of Consumer.*
The business of a company furnishing water to the public is naturally monopolistic, and when coupled with the right of eminent domain, is affected with a public use, and requires that it serve all customers with equal facility arid without discrimination.

2. *Same; Discrimination in Rates.*—If the rate to a favored customer of a water company is less than the reasonable rate it may lawfully demand from all on a basis of uniformity, the discrimination is at the company's expense, and does not impinge on the rights of consumers generally; the granting of a rate to a considerable number of customers more favorable than the rate fixed for consumers generally, in the absence of justification, would be evidential that the general rate is so unreasonable as to call for municipal or legislative revision within constitutional limits; but making a concession to a consumer does not fix a new schedule of rate for all according therewith.

3. *Same; Discrimination; Indictment; Revocation of Franchise.*—
If a water company capriciously and oppressively, for ulterior and unlawful purposes within the limit of rates fixed by an ordinance contract and by its right to reasonable compensation, discriminates so as to wrong and injure consumers, it would be a plain abuse of its franchise and the inquiry in such case would be as to whether it might not be punished by indictment or by a revocation of its franchise.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Mandamus by the state on the relation of C. W. Ferguson to compel the Birmingham Water Works Company to cease discrimination in its charges. Judgment for respondent and relator appeals. Affirmed.

A. G. & E. D. SMITH, for appellant.—The private contracts for the supply of water to consumers set out in Section 3 of the petition are valid, and indeed specific-

ally enforceable.—Acts 1884-5, p. 415, Sec. 8; *Am. Water Works Co. v. State ex rel. Walker*, 30 L. R. A. 447; *State ex rel. Milsted v. Butte City*, 32 L. R. A. 697; *State ex rel. Gwynne v. Citizens Telephone Co.*, 55 L. R. A. 139; 26 Am. & Eng. Ency. (2d Ed.) 20; *Ala. Central Ry. Co. v. Long*, 48 So. Rep. 363; *Boykin v. Bank*, 72 Ala. 262; *Electric Lighting Co. v. Elder Bros.*, 115 Ala. 148; *Mason v. Ala. Iron Co.*, 73 Ala. 274; Bishop on Contracts, 380, 397; *N. B'ham R. R. v. Calderwood*, 89 Ala. 247, 255; *Robertson v. Hayes*, 83 Ala. 290; 9 Cyc. 582; *Ellis v. Tampa W. Wks. Co.*, 19 L. R. A. (N. S.) 183; 47 So. Rep. 358; 26 Am. & Eng. Ency. (2 Ed.) 30; *Davis v. Robert*, 89 Ala. 402; Pomeroy on Contracts, Sec. 169; *Wilkes v. Ga. P. R. R.*, 79 Ala. 180; *S. & N. Ala. R. R. v. H. A. & B. R. R.*, 98 Ala. 400; *Christian & Craft Gro. Co. v. Bienville Water Supply Co.*, 106 Ala. 124; Waterman on Spec. Perf., Sec. 179; *St. Ry. Cases*, 79 Ala. 465; *M. & A. of B'ham v. B'ham W. Wks. Co.*, 139 Ala. 131; 26 Am. & Eng. Ency. (2 Ed.) 38; 38; *Homan v. Stewart*, 103 Ala. 644; *Joy v. St. Louis*, 138 U. S. I; *U. P. R. R. v. Chicago R. I. & Pac. R. R. Co.*, 51 Fed. 309. The contract between the parties hereto is a valid contract—or if void in any particular, the void and valid portions are separable and the latter can be enforced.—*Electric Lighting Co. v. Elder Bros.*, 115 Ala. 148; *Mason v. Ala. Iron Co.*, 73 Ala. 274; Bishop on Contracts, 380 and 397; *North B'ham R. R. Co. v. Calderwood*, 89 Ala. 247, 255; *Robertson v. Hayes*, 83 Ala. 290; 9 Cyc. 582 and notes; *Ellis v. Tampa W. W'ks Co.*, 19 L. R. A. (N. S.) 183, 47 So. Rep. 358; 9 Cyc. 588; Clark on Contracts, 593; Bishop on Contracts, 392; 9 Cyc. 586; 5 Cyc. 569; *L. & N. R. R. Co. v. Shepard*, 126 Ala. 416. We submit the answers to each of the propositions set out in 3rd group of demurrers are contained in the following cases.—

*American Water Wks. Co. v. State, ex rel. Walker*, 30 L. R. A. 447; *Hangcn v. Albina Light & Water Co.*, 14 L. R. A. 424; *State, ex rcl. Milsted v. Butte City Water Co.*, 32 L. R. A. 697; *Commcrcial Union Telcgraph Co. v. N. E. Telegraph & Telephone Co.*, 5 L. R. A. 161; *People, ex rel., etc., v. Brush*, 38 App. Div. 413, 56 N. Y. Sup. 364.

LONDON & FITTS, for appellee.—The demurrers were properly sustained to the complaint.—*Bir. W. W. Co. v. Mayor, etc., of Birmingham*, 42 South. 10; *Smith v. Bir. W. W. Co.*, 104 Ala. 315; *Bir. W. W. Co. v. Truss*, 135 Ala. 530; *Birmingham v. Bir. W. W. Co.*, 44 South. 481; *Crosby v. Montgomery*, 108 Ala. 498; *City of Mobile v. Bienville W. Sup. Co.*, 130 Ala. 384; *Griffin v. Water Co.*, 122 N. C. 206; *Ward v. Bir. W. W. Co.*, 44 South. 570.

SAYRE, J.—The Birmingham Waterworks Company, a corporation chartered by special act of the Legislature of date February 13, 1885 (Loc. Acts 1884-85, p. 415), is furnishing water for the use of the city of Birmingham and its inhabitants and for manufacturing purposes under an ordinance-contract of May 31, 1888, which provides that the rates therein fixed shall never be exceeded. The company has entered into contracts with some consumers similarly situated with the relator, by which it has undertaken to furnish to them water at a rate less than the maximum charges allowed by the ordinance. Relator does not complain that he is charged more than the maximum rate, nor even that he is charged more than a reasonable price for the water he uses, but his contention is that he is entitled to receive water at the most favorable rate furnished to any others similarly situated. And he seeks

the aid of the court to give effect to his contention by its writ of mandamus. Respondent, for this occasion, assumes this court to have held that it is forbidden to furnish water to any of its customers, or even to all of them, at a rate less than the maximum fixed by the ordinance-contract. In *Smith v. Birmingham Waterworks*, 104 Ala. 315, 16 South. 123, it was said that "the rates for all purposes was the subject of contract between the city and the respondent, and regulated by it," and it was held that for water furnished for domestic purposes certain flat rates, as they are called, were fixed, and that for water furnished for other purposes to the inhabitants and for manufacturing purposes the respondent was entitled to charge by measurement. In *Mobile v. Bienville Water Supply Co.*, 130 Ala. 379, 30 South. 445, it appeared that the city and water company were operating competing water supply systems. The city also maintained a sewerage system for the operation of which water was necessary. By the device of refusing to fix a rate for water used for sewerage purposes, and charging the same price for the use of both its water and sewers as for its water alone, the city discriminated against the water company. The court declared this practice to be an abuse, and required the city to fix a rate for its sewer service. In *Birmingham v. Waterworks*, a case decided by Hon. D. M. Powell, appointed by the Governor upon the inability of the court to reach a conclusion concurred in by a majority, and reported in only 42 South., at page 10, the question was whether the water company was entitled to charge meter rates for water for sprinkling lawns and pleasure gardens. In the course of the opinion some expressions are used to the effect that water companies are without power to make a contract for unreasonable rates or rates not uniform to consumers. But no ques-

tion was involved of discrimination in the way of fixing for some customers a rate less than a reasonable charge for the service rendered. The maximum rates provided for in the ordinance-contract in the instant case were fixed for the protection of the public against the exaction of unreasonable charges. The competency of the parties to so contract is not questioned, nor is it doubted that under the law and the facts the municipality in the exercise of the police power had the right to fix the rates as the maximum reasonable rates chargeable. There is no indication of a legislative purpose to declare that the maximum should also be the minimum rates. Nor does any reason suggest itself why the water company may not establish a uniform rate less than the maximum fixed by the ordinance-contract, or a rate less than reasonable, if such a thing be imaginable. The acceptance of such a rate uniformly applied by the public will be conclusively presumed.

So, then, the question is whether when the water company grants to one or more consumers a rate less than the legally fixed maximum, and less also than the reasonable rate which it might exact, all other consumers are entitled as of right to receive the most favorable rate granted to any consumer. The business of water companies incorporated to furnish water to the public is naturally monopolistic. Such companies are given the power of eminent domain—a power granted by the public in order that the needs and purposes of the public may be served more effectually. Such a business is therefore affected with a public use.—*Mobile v. Bienville Water Company,* 130 Ala. 379, 30 South. 445; *Munn v. Illinois,* 94 U. S. 113, 24 L. Ed. 77; *Lumbard v. Albina Light & Water Co.,* 21 Or. 411, 28 Pac. 244, 14 L. R. A. 424; *Am. Waterworks v. State ex rel. Walker,* 46 Neb. 194, 64 N. W. 711, 30 L. R. A. 447, 50 Am. St.

Rep. 610; *Griffin v. Goldsboro Water Co.,* 122 N. C. 206, 30 S. E. 319, 41 L. R. A. 240. And it must serve all with equal facilities and without discrimination. In this case no complaint is made that the relator is discriminated against in respect to facilities furnished in the way of getting a supply of water, but only in respect to the price charged. It would seem that, if the rate granted to favored customers is less than the reasonable rate the company may lawfully demand from all consumers on a basis of uniformity, as on the allegations of the petition we must assume to be the case, the consequent discrimination is enjoyed by those having the favored rate at the expense of the company, and does not impinge upon any right of consumers generally, for they are receiving all they are entitled to have in any event.—*Griffin v. Goldsboro Water Co., supra.* The granting of a rate to any considerable number of consumers more favorable to them than the rate fixed for consumers generally, in the absence of possible peculiar circumstances of justification, would be evidential that the general rate is unreasonably high, which would call for municipal or legislative revision to be enacted in a due observance of constitutional limitations. But we do not see our way clear to a holding that whenever a water company makes a concession to a consumer it thereby fixes a new schedule of rates for all its consumers. If, within the limit of the rates fixed by the ordinance-contract and by its right to a reasonable compensation, the water company capriciously and oppressively, and for ulterior and unlawful purposes, discriminates between its consumers in a manner to work wrong and injury—as conceivably it may, though confining its action within the limits predicated—that would be a plain abuse of its franchise, and the inquiry in that event would be whether it might not be punish-

ed by indictment or process to revoke and annul its franchise.—*Lumbard v. Stearns, supra.* But that is a question not now to be determined.

In the nature of the case there must be data from which the reasonableness of charges for water furnished may be estimated with an approximation sufficiently close for every practical purpose; the case differing in that respect materially from the case of a common carrier of goods and passengers. In the last-named case many elements of uncertainty enter. But even in the case of carriers it has never been held that every special concession established a new rate to be observed in all cases, and the evil growing out of the lack of uniformity in charges has been met by statutes punishing the granting of special rates, rebates, and passes.

On the facts shown, the relator was not entitled to the relief sought, and the judgment of the trial court must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.