STATE ex rel. LAMMONS v. COMMANDER et al. (4 Div. 116.)

(Supreme Court of Alabama. May 1, 1924.)

1. Electricity ⬗11—Municipality may not discriminate.

Municipality, authorized to supply light or electric power to inhabitants, may not discriminate between those of same class; all being entitled to same service on equal terms and uniform rates.

2. Electricity ⬗11—Municipality may enforce reasonable rules, which do not discriminate.

Municipality, authorized to supply light and power, may enforce reasonable and just rules and regulations, which do not discriminate.

3. Electricity ⬗11—Discrimination in requiring customer to pay for transmission line held authorized.

Where, on account of plaintiff's indebtedness to municipality for power service furnished, he was not in same class with competitor, who owed city nothing, there was no unjust discrimination in requirement that, if current be furnished, plaintiff must bear expense of new transmission line, which would be credited on his debt.

4. Mandamus ⬗10—Relator must have right to thing demanded and respondents duty to perform.

To justify mandamus, relator must have clear legal right to thing he demands, and it must be duty of respondents to perform thing required.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Petition by the State of Alabama, on the relation of Enoona Lammons, for mandamus to P. D. Commander and others. From a judgment denying the writ, relator appeals. Affirmed.

E. C. Boswell, of Geneva, for appellant.

Appellant, having complied with all reasonable rules and regulations of the municipality, was entitled to have the connection made. 91 U. S. 343, 23 L. Ed. 428; 62 N. J. Law, 592, 43 Atl. 715, 45 L. R. A. 837; 24 N. Y. 261, 82 Am. Dec. 295; 157 Ind. 345, 61 N. E. 674, 55 L. R. A. 245. The municipality is subject to the same liabilities, duties, etc., as private corporations and individuals engaged in the same business. Western, etc., Soc. v. Philadelphia, 31 Pa. 175, 72 Am. Dec. 730; Bailey v. Mayor, etc., 3 Hill (N. Y.) 531, 38 Am. Dec. 669; 28 Cyc. 638. And it must furnish current to all alike. 15 Cyc. 470; C., H. & D. v. Bolling Green, 57 Ohio St. 336, 49 N. E. 121, 41 L. R. A. 422; Brush Co. v. City Council, 114 Ala. 433, 21 South. 960; Montgomery Co. v. Barber, 45 Ala. 237.

Mulkey & Mulkey, of Geneva, for appellees.

Mandamus will not be allowed in cases of doubtful right. Tampa W. W. Co. v. State, 77 Fla. 705, 82 South. 230; Henry v. State, 16 Ala. App. 670, 81 South. 190.

GARDNER, J. Appellant filed this petition for mandamus against the appellees, who constitute the governing body of the town of Hartford, Ala., seeking to compel these authorities to make the necessary connection of their electric transmission lines with the electric motor now installed in the relator's ginhouse in said town of Hartford, and to supply electric power necessary for the operation of said motor. The respondents duly filed their answer, and the

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

evidence was heard orally before the court. The trial judge reached the conclusion that the relator was not entitled to the relief prayed and rendered judgment accordingly, from which the relator has prosecuted this appeal.

[1] Counsel for appellant rests his case upon the principle that a municipality, authorized to supply light or electric power to inhabitants thereof, may not discriminate between those of the same class; all persons being entitled to have the same service on equal terms and uniform rate. The general principle insisted upon is well recognized (15 Cyc. 470; 40 Cyc. 791), and was given full application by this court in City of Montgomery v. Greene, 180 Ala. 322, 60 South. 900; Id., 187 Ala. 196, 65 South. 783.

[2] It is equally well settled that such a municipality may enforce reasonable and just rules and regulations which do not discriminate (30 Am. & Eng. Ency. of Law [2d Ed.] 418–420; Watauga v. Wolfe, 99 Tenn. 429, 41 S. W. 1060, 63 Am. St. Rep. 841), and that the rule above noted does not require absolute uniformity of rates in all cases, but a reasonable discretion is lodged in the authorities so long as there is no unjust discrimination (30 Am. & Eng. Ency. [2d Ed.] 427; State ex rel. Ferguson v. Birmingham Waterworks Co., 164 Ala. 586, 51 South. 354, 27 L. R. A. [N. S.] 674; Brown v. Birmingham Waterworks, 169 Ala. 230, 52 South. 915).

[3] The trial court reached the conclusion that the facts in evidence failed to show any unjust discrimination, and in this we concur. The evidence for the respondents tended to show that current was furnished F. F. Lammons, the husband of relator, for the operation of the motor in the gin for the year 1922, and that more than $1,000 was still due and unpaid on account thereof. On May 7, 1923, said F. F. Lammons appeared before the council of the town of Hartford with one Metcalf, who also operated a gin, and the rate for current was agreed upon. The town authorities were of the opinion, however, that the transmission line for the purpose then in use was not adequate for the current, and that a new and larger wire was necessary to be installed. The municipality was without the necessary funds, and an agreement was finally reached with Lammons that, if he would bear the expense of the purchase of so much of the wire as necessary to make connection with his gin, the municipality would order the same; the amount expended by Lammons therefor to be credited on the account which he was due for the previous year. Evidence for the respondent is to the effect that the amount last year agreed upon was about $265, which Lammons agreed to pay and credit on the previous year's account, and that the wire was so ordered, and Lammons refused to pay the amount agreed upon;

hence no connection was made. Thereupon relator filed this petition for mandamus.

We are mindful that Lammons insists, and offers testimony tending to support his insistence, that he did not agree that any such payment should go upon the account of the previous year, but that his understanding was that it should be credited upon the current account. It appears, however, the trial court found the facts in substance as above outlined, and a careful reading of the record discloses that his finding was amply supported by the proof.

It is insisted that Lammons was being discriminated against, and that his competitor, Metcalf, was not required to pay for the installation of this new wire. This insistence, however, overlooks the fact that Lammons and Metcalf were not in the same class, as the former was largely indebted to the municipality for current for the previous year, while the latter owed the town nothing. Moreover, there was evidence tending to show there was no absolute requirement on the part of the municipality, but an agreement voluntarily and amicably entered into between Lammons and the town authorities that he would pay the agreed sum for the wire, the amount paid to be credited upon his indebtedness. But, had this been a requirement, it has not been made to appear that such would have been unreasonable or unjust, in view of the large indebtedness of Lammons for current for the previous year, and the extra expenditure necessary to render the particular service satisfactory. 30 Am. & Eng. Ency. Law (2d Ed.) pp. 419, 420.

While it appears that Lammons had a judgment against the town for $3,500, yet it was shown without dispute that it was agreed this judgment should not be enforced, except in the event and to the extent the town might be able to collect from the Houston Power Company, from which source it received its electric power. The matter of this judgment therefore may be laid out of view. So far, therefore, as the controversy between Lammons and the town authorities is concerned, the latter refused to make the connection, according to their proof, merely because Lammons failed to meet the payments for the new wire, as had been voluntarily agreed.

[4] It is well understood that, to justify the issuance of a writ of mandamus, it is necessary that the relator have a clear legal right to the thing he demands, and it must be the clear legal duty of the respondents to perform the thing required. Citizens' Bk. & Sec. Co. v. Com. Ct. of De Kalb Co., 209 Ala. 646, 96 South. 778; Cloe v. State, 209 Ala. 544, 96 South. 704. Clearly, therefore, under these circumstances, Lammons would not be entitled to a mandamus against the town of Hartford.

But counsel for appellant argue that all

the facts as to the agreement between Lammons and the municipality are irrelevant, for the reason that the relator is the owner of the property, and not her husband, F. F. Lammons, and that he merely appeared before the council as her agent—she not being chargeable with any of his previous indebtedness. F. F. Lammons, the husband, however, owned the property the previous year, but it was foreclosed under mortgage, one D. M. Lammons purchasing at the foreclosure sale, and relator redeeming from the latter. According to the testimony of F. F. Lammons, his wife came into possession of this property about May 18, 1923, while his first appearance before the council was a few days previous thereto, on May 7th. The town authorities clearly had no intimation that this relator was interested in the property, and were justified in assuming that F. F. Lammons still owned the property in all their negotiations with him. The testimony of F. F. Lammons also clearly shows that he continued in full management and control of the gin property, making all payments and settlements, and looking after the property just as he had done previously, when in full ownership thereof.

Looking through form to substance, therefore, F. F. Lammons, so far as the town authorities knew and were concerned, was still the customer of the town for this current. Moreover, it clearly appears from his own testimony that he had full authority to make all settlements and arrangements, and, considering that he was acting as agent for his wife, she was, under these circumstances, fully bound by his agreement, and, so far as relief by way of mandamus is concerned, stands in his stead and occupying no better position than were he the relator himself.

It results, in our opinion, the petition was properly dismissed, and the judgment of the court below will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.