138 So. 414

**DAWSON v. DAWSON.**

1 Div. 664.

Supreme Court of Alabama.
Dec. 17, 1931.

Harry T. Smith & Caffey, of Mobile, for appellant.

Armbrecht, Hand & Twitty, of Mobile, for appellee.

ANDERSON, C. J.

The question is, Can the wife maintain an action in tort committed in Mississippi against her husband in the courts of Alabama for which she could not recover under the laws of Mississippi notwithstanding she could do so in Alabama, the parties being citizens of Alabama, when the injury occurred or the tort was committed in the state of Mississippi?

It is well settled by the decisions of this court that, where an accident occurs in another state, the courts of this state will look to the substantive law of that state to determine whether the defendant under that law has breached any legal duty to the plaintiff. Alabama G. S. R. Co. v. Carroll, 97 Ala. 126, 11 So. 803, 18 L. R. A. 433, 38 Am. St. Rep. 163; Caine v. St. Louis & S. F. R. Co., 209 Ala. 181, 95 So. 876, 32 A. L. R. 793; Deavors v. So. Express Co., 200 Ala. 372, 76 So. 288; Code of Alabama 1923, § 5681.

And this rule obtains when the parties are domiciled in Alabama and not in Mississippi where the accident occurred or the injury was inflicted, and notwithstanding the laws in Alabama may give a right of action and the same may be denied by the laws of Mississippi. Carroll Case, supra; Slater v. Mexican Nat. R. R. Co., 194 U. S. 120, 24 S. Ct. 581, 48 L. Ed. 900; Texas & Pac. Ry. Co. v. Humble, 181 U. S. 57, 21 S. Ct. 526, 45 L. Ed. 747. Indeed, it is conceded in argument of appellant's counsel that the laws of Mississippi govern in this case and that a wife domiciled with her husband in Mississippi cannot sue her husband for any tort committed upon her in that state. But it is contended that it has not been decided in the Mississippi case or cases "that an Alabama wife who is tortiously injured by her Alabama husband, while in transit through Mississippi, cannot recover from her husband for the wrong thus done to her. That is the question and the only question before this court." True, the Mississippi case pleaded and the ones cited, for far as appears, deal with a married woman who is a resident of Mississippi and not a resident of Alabama or some other state, but it would be a most violent assumption to hold that the Mississippi court intended to discriminate against the wives of that state in favor of those of another state, and we must construe the same as applicable to all wives who seek redress for torts inflicted upon them by their husbands in said state regardless of the domicile of the parties.

We think that our case of Alabama G. S. R. Co. v. Carroll, 97 Ala. 126, 11 So. 803, 808, 18 L. R. A. 433, 38 Am. St. Rep. 163, while not involving a suit by a wife, answers by way of reason and analogy every contention of

appellant's counsel, that there is, or should be, an exception to the Mississippi rule in favor of married women injured in Mississippi and who reside elsewhere, that the marital rights, regulations, and disabilities as fixed by the laws of the home state should go with them into other states, and from which we quote:

"Mississippi has the same right to establish governmental rules for such persons within her borders as Alabama, and she has established rules which are different from those of our law; and the conduct of such persons toward each other is, when its legality is brought in question, to be adjudged by the rules of the one or the other state, as it falls territorially within the one or the other. The doctrine is like that which prevails in respect of other relations, as that of man and wife. Marriage is a contract. The entering into this contract raises up certain duties and imposes certain liabilities in all civilized countries. What these duties and liabilities are at the place of the contract are determinable by the law of that place; but, when the parties go into other jurisdictions, the relation created by the contract under the law of the place of its execution will be recognized, but the personal duties, obligations, and liabilities incident to the relation are such as exist under the law of the jurisdiction in which an act is done or omitted, as to the legality, effect, or consequence of which the question arises. It might as well be said, where there is a marriage in Alabama, and the parties remove to Mississippi, and the wife there makes a contract which is void in Mississippi, but valid under our statute, and subsequently they return to Alabama, that our courts will enforce that contract; or if such husband, while in Mississippi, does an act which is innocuous and lawful in that state, but which, if done here, would entail liability upon him, and the parties afterwards return here, that the liability imposed by our laws could be enforced here, because the parties entered into the contract here,—as that a master is liable here for conduct towards his servant which was proper, or at least involved no liability, where it took place, simply because the contract which created the relation was entered into in this state. The whole argument is at fault. The only true doctrine is that each sovereignty, state or nation, has the exclusive power to finally determine and declare what act or omissions in the conduct of one to another—whether they be strangers, or sustain relations to each other which the law recognizes, as parent and child, husband and wife, master and servant, and the like—

shall impose a liability in damages for the consequent injury, and the courts of no other sovereignty can impute a damnifying quality to an act or omission which afforded no cause of action where it transpired."

The law of Mississippi, as set out in the defendant's second plea, shows that the plaintiff had no cause of action against her husband for injuries sustained by her through his tortious conduct in said state, is confirmed and sustained by the case of Austin v. Austin, 136 Miss. 61, 100 So. 591, 33 A. L. R. 1388, and reaffirmed by the subsequent case of Austin v. Maryland Casualty Co., 105 So. 640.

It is urged by the appellant's counsel that, regardless of the main question we have discussed, the pleas 1 and 2 were insufficient in setting up the law of Mississippi and citing certain Alabama cases on the subject, including the case of Cubbedge v. Napier, 62 Ala. 518, to the effect that the laws of another state, when relied upon in the courts of this state as giving a cause of action or a defense, must be pleaded in full and not by way of a mere conclusion or opinion of the pleader. Generally when a statute is relied upon it should be set out in hæc verba, and when a judicial opinion of the sister state is invoked it should be so fully set out in the plea as to inform this court of the point or question decided, but this does not mean that the whole opinion including a transcript of the record should be set out. It is enough if the opinion is sufficiently set out to apprise us of the point involved and how it was decided by the highest court of the sister state, and we think that the defendant's plea 2 substantially conforms to this rule.

It may be that plea 1 is defective for being merely the opinion or conclusion of the pleader, but the opinion, as to the law, is the same as fully set out in plea 2, and, in order to establish plea 1, the same facts would establish plea 2, so the plaintiff could not have been injured by the ruling as to plea 1, and by her demurrer and nonsuit she practically admitted the truth of plea 2, but denied its legal sufficiency. While there may have been error in overruling the demurrer to plea 1, it was manifestly without injury, and we think this a fit case for the application of rule 45.

The judgment of the Circuit Court is affirmed.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.