80 So.2d 527

### A. E. JORDAN
### v.
### CLARKE–WASHINGTON ELECTRIC MEMBERSHIP CORP.

I Div. 616.

Supreme Court of Alabama.

May 19, 1955.

Scott & Porter, Chatom, for appellant.

Adams, Gillmore & Adams, Grove Hill, for appellee.

## PER CURIAM.

This is a petition for mandamus filed by appellant to require appellee to furnish electric service to him. The court sustained a demurrer to the petition and permitted an amendment to it. The court then sustained the demurrer to the petition as amended and dismissed it and rendered judgment against petitioner for the costs. Whereupon petitioner moved the court for a nonsuit for the purpose of reviewing the court's ruling sustaining the demurrer and dismissing the cause. The court granted the motion and ordered the nonsuit.

The one assignment of error is with reference to the decree sustaining the demurrer to the petition as last amended. We suppose this was done in an attempt to follow section 819, Title 7, Code. But this statute has no application when there is a final judgment disposing of the cause. The appeal is from the judgment dismissing the cause as well as from the nonsuit. Therefore, the appeal is sufficient for all purposes. Sections 761, and 1074, Title 7, Code. We will disregard the effort to take a nonsuit.

If the petition was subject to the demurrer interposed, and petitioner desired to amend again he should have so indicated. Failure to do so justified a judgment of dismissal. So that, our inquiry is whether the petition as last amended is subject to the demurrer interposed.

The petition refers to defendant as a corporation, but does not set out any part of the declaration of incorporation by which it may be determined whether it was under authority of Chapter 3, Title 18, section 31 et seq. Section 34, Title 18, requires the name shall include the word "cooperative", which seems to be absent from the name of this defendant. But it is apparent from the briefs and averments of the petition that it was incorporated by virtue of that statute. Section 38 of Title 18 is with reference to membership in the cooperative, and authorizes by-laws to prescribe the qualifications and requirements pertaining to membership. The petition does not show what they are.

Section 33 of Title 18 provides that the cooperative shall have power (among others) "to distribute, sell, supply, and dispose of electric energy to its members, to governmental agencies and political subdivisions, and to other persons not in excess of ten percent of the number of its members".

We have held that a cooperative organized under Acts approved February 7, 1935 and July 8, 1935, General Acts 1935, p. 100 and p. 229, Code 1940, Tit. 18, § 10 et seq., has "the duty of supplying all persons accessible to its lines with electricity when they meet the conditions prescribed." Alabama Power Co. v. Cullman County Electric Membership Corp., 234 Ala. 396(7), 174 So. 866, 869; City of Montgomery v. Greene, 180 Ala. 322, 60 So. 900; City of Mobile v. Bienville Water Supply Co., 130 Ala. 379, 30 So. 445. The present statute, section 33, Title 18, Code, does not prescribe such an absolute duty.

The petition alleges that petitioner has offered on numerous occasions to comply with any regulations imposed upon the members of the corporation, and it has offered to furnish petitioner with electric service but has not done so. Petitioner's residence, where he desires electric service, is alleged to be approximately one and one-half miles from defendant's service

584

lines at Chatom. The petition does not set out the provisions of the by-laws as to the requirements for membership, and that petitioner has complied with them or offered to do so, or that non-members equal in number to ten percent of its membership are not already being served, and that he is accessible to its lines. As a matter of law it is not the absolute duty of a utility bound to serve the public to extend its lines for one and one-half miles in order to serve one or two customers when they are not shown to be otherwise entitled to service.

█ The legal principle is that "the right of an inhabitant or group of inhabitants of a community or territory served by a public service company to demand an extension of service for their benefit is not absolute and unqualified, but is to be determined by the reasonableness of the demand therefor under the circumstances involved". That depends upon "the need and cost of such extension, and the return in revenue which may be expected as a result of the extension; the financial condition of the utility; the advantages to the public from such an extension; and the franchise or charter obligation to make such extension". 43 Am.Jur. 602, section 48.

In 58 A.L.R. 543, where the authorities are fully annotated, the principle is expressed as follows: "While the utility cannot fix the limits of the proposed extension at territory which will yield an immediate profit, and, on the other hand, cannot be required to make unreasonable extensions, there is a point midway between these extremes at which the utility may require of the proposed consumer assistance in the necessary outlay in furnishing the service".

█ It must be shown by the petition that petitioner has a clear legal right to demand an extension of the service wires to his home, that he is entitled to electric service from defendant, and that he has no other remedy to obtain it but a mandamus directing defendant to do so. Horton v. Interstate Telephone & Telegraph Co.,

202 N.C. 610, 163 S.E. 694, 83 A.L.R. 947; 34 Am.Jur. 890, section 105. See, City of Decatur v. Mohns, 235 Ala. 640(2), 180 So. 297.

The petition as amended does not show such right according to the provisions of section 33, Title 18, supra, and other applicable principles, and the demurrer to it was properly sustained. By petitioner not seeking further amendment, his petition was dismissed without error. The judgment of the circuit court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.