139 So.2d 337

Chester N. MILLER

v.

HILLVIEW WATER WORKS PROJECT, INC.

6 Div. 721.

Supreme Court of Alabama.

March 22, 1962.

J. J. Cockrell, Birmingham, for appellant.

LAWSON, Justice.

Mandamus by Chester N. Miller against The Hillview Water Works Project, Inc., a corporation (hereinafter Water Company), to compel it to permit Miller to attach his service pipe line from his property to a service pipe line belonging to another customer rather than by the construction of a separate service pipe line from the Water Company's main to Miller's property, as required by the Water Company's rules as set out in its bylaws.

The Water Company was organized "to build, construct, reconstruct, repair, maintain, extend and operate a water works system for the municipality known as Hillview, Jefferson County, Alabama, and its environs."

Section 1 of Article V of the bylaws of the Water Company provides:

"The ownership of stock in this corporation shall entitle the owner to one connection for each share of stock so owned to any water main owned or maintained by the company. *Only one house shall be connected to any one tap off the main line."* (Emphasis supplied.)

Miller is the owner of Lot 17 situated in or near Hillview, on which he constructed a $6,000 residence before he made arrangements for water.

The name of the street on which Miller's lot is situated is not disclosed by the record before us. We will call it A Street. It runs north and south. Miller's lot is on the east side. There is no water main in A Street.

The nearest water main is in a street which we will refer to as Z Street. It runs east and west and intersects A Street at a

point some distance south of Miller's lot. The distance from Miller's lot to Z Street does not appear, but there are three lots between Miller's lot and Z Street.

Miller made application to the Water Company for water from its main on Z Street. He paid the required costs, including what seems to have been a down payment on one share of stock in the Water Company. (Section 1 of Article I of Water Company's Bylaws) Miller's application was granted provided he would construct a two-inch service pipeline from the water main in Z Street to his lot.

Because he could not get the permission of one of the intervening property owners to lay the service pipeline across his property and because of the cost of such a line, Miller countered with the suggestion that he be permitted to connect his property with a service pipeline owned by one Claborn, which runs north from the Water Company's main in Z Street, parallel with A Street, in front of Miller's lot. Claborn had consented to that arrangement. Claborn's service pipeline is referred to as water line "X."

The Water Company would not agree to Miller's suggestion.

Thereupon Miller filed in the Circuit Court of Jefferson County his petition against the Water Company wherein, as amended, he averred substantially the facts recited above and wherein he prayed:

"WHEREFORE PREMISES CONSIDERED, petitioner respectfully prays that your Honor will grant al alternative writ of mandamus or a rule nisi directed to the said 'The Hillview Water Works Project, Inc., a Corporation, defendant, returnable to the Circuit Court of Jefferson County, Alabama, commanding it to show cause why it should not allow petitioner to 'tapp' water line 'X' at Lot 17, as shown by Exhibit 'B' and petitioner respectfully prays for any other and further relief, and for such other and further orders and judgments to which he may be entitled under the allegations of this petition."

An alternative writ of mandamus was duly issued.

The Water Company demurred to the original petition. The demurrer was sustained. Amendments were filed. Demurrer to the petition as amended was sustained. In the decree sustaining demurrer to the petition as amended, the trial court observed "that the matter is not subject to further amendment and that the petitioner is not entitled to the issuance of a writ." That decree was amended so that the petition as amended was dismissed out of court and the petitioner, Miller, was taxed with the costs of the proceeding. Miller has appealed to this court.

■ The judgment dismissing the petition and taxing the costs against the petitioner, Miller, will support the appeal. Jordan v. Clarke-Washington Electric Membership Corp., 262 Ala. 581, 80 So.2d 527.

■ If the petition as last amended was subject to the demurrer interposed thereto and Miller, the petitioner, desired to amend again, he should have so indicated. Failure to do so justified a judgment of dismissal. Jordan v. Clarke-Washington Electric Membership Corp., supra.

So that, our inquiry is whether the petition as last amended is subject to the demurrer interposed.

■ There is one matter which is not raised by the demurrer to which we think we should write. The prayer of the petition prays for the issuance of an alternative writ of mandamus or rule nisi only, without expressly praying that the court ultimately order the issuance of a peremptory writ. The prayer is subject to criticism because of this omission, but it is not so defective as to warrant a holding that it is not sufficient to support an order for the issuance of a peremptory writ. The prayer for general relief is, in our opinion, ample for an order for the issuance of the peremptory writ

after a hearing. State ex rel. Fitzmaurice v. Clay, 208 La. 443, 23 So.2d 177; People ex rel. Desiderio v. Conolly, 238 N.Y. 326, 144 N.E. 629.

The petition, as amended, to which we will refer hereinafter simply as the petition, alleges in substance that the Water Company was organized under the general laws applicable to all corporations. The certificate of incorporation is made an exhibit to the petition and, as we have indicated, it shows that the Water Company was incorporated for the purpose of building and operating a water works system for Hillview and its environs.

A corporation so organized may have the power to engage in the utility business but not be a utility until it engages in such service or holds itself out to do so. Alabama Power Co. v. Cullman County Electric Membership Corp., 234 Ala. 396, 174 So. 866. Cf. Southern Liquid Gas Co. v. City of Dothan, 253 Ala. 350, 44 So.2d 744.

However, under the allegations of this petition the Water Company is shown to be a public utility, for it is alleged that it is furnishing water to the inhabitants of Hillview and its environs. We do not understand appellee to question the sufficiency of the petition in that respect.

A public utility is obligated to serve all members of the public that it holds itself out to serve, fairly and without discrimination. City of Mobile v. Bienville Water Supply Co., 130 Ala. 379, 30 So. 445; State ex rel. Ferguson v. Birmingham Water Works Co., 164 Ala. 586, 51 So. 354, 27 L.R.A.,N.S., 674; City of Montgomery v. Greene, 180 Ala. 322, 60 So. 900; State ex rel. Lammons v. Commander, 211 Ala. 230, 100 So. 223; Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 62 So. 712, 47 L.R.A.,N.S., 607; Wiegand v. Alabama Power Co., 220 Ala. 620, 127 So. 206; Birmingham Waterworks Co. v. Hernandez, 196 Ala. 438, 71 So. 443, L.R.A.1916E, 258; Birmingham Ry., L. & P. Co. v. Littleton, 201 Ala. 141, 77 So. 565.

This duty to serve the public exists independent of statute regulating the manner in which such utilities do business. Wiegand v. Alabama Power Co., supra. The duty is imposed because they are organized to do a business affected with a public interest and are held out to the public as being willing to serve all of its members. Birmingham Ry., L. & P. Co. v. Littleton, supra.

There are, however, conditions precedent to the obligation of a public utility to serve any particular applicant. The applicant must submit to such reasonable conditions as the utility sees fit to impose. Birmingham Ry., L. & P. Co. v. Littleton, supra; Messer v. Southern Airways Sales Co., 245 Ala. 462, 17 So.2d 679. One of the conditions precedent to the right of a citizen to be supplied with water, which a water company may require, is that the citizen provide the proper means of conveying the water from the water main onto his property. Birmingham Waterworks Co. v. Hernandez, supra; Bessemer Waterworks v. City of Bessemer, 198 Ala. 535, 73 So. 905; Alabama Water Co. v. Knowles, 220 Ala. 61, 124 So. 96; Sims v. Alabama Water Co., 205 Ala. 378, 87 So. 688, 28 A.L.R. 461; Birmingham Waterworks Co. v. Brooks, 16 Ala.App. 209, 76 So. 515, cert. denied, 200 Ala. 697, 76 So. 995.

The rules of the Water Company incorporated in its bylaws provide, in effect, that each customer must maintain the service pipes from the water main to his premises and that only one house shall be connected to any one "tap" off the water main.

The efficacy of the rules adopted by a utility in regard to the conduct of its business is not dependent upon the prior approval of those rules by the Alabama Public Service Commission. Wiegand v. Alabama Power Co., supra.

In the instant case the petitioner, Miller, wants to avoid the effect of the Water Company's rule that only one house shall be connected to any one "tap" off the main line.

In our opinion that rule is reasonable on its face. It is no doubt designed to

prevent waste and operates to prevent the controversies which result when water supply is cut off from one customer, who has paid his rent, because a user who is connected with the same service pipeline is in arrears. See Sims v. Alabama Water Co., supra; Birmingham Waterworks Co. v. Brooks, supra.

The Alabama Public Service Commission approved a similar rule for the Alabama Water Company. Alabama Water Co. v. Knowles, supra. Rule 9(e) set out in the report of that case shows that the Alabama Water Company reserved the right to approve or disapprove an application for the supply of water for two or more buildings by a single service line.

· The petition contains no allegation of fact tending to show the rule in controversy to be unreasonable. The petition does show that· Miller constructed a dwelling on a lot situated some distance from a water main without first making arrangements for water supply and that to comply with the Water Company's rule will be expensive. Miller will have to construct a service pipeline for a considerable distance, but not as far as did Claborn. He may have to purchase or otherwise acquire from an intervening property owner the right to bring that line across his property if he is to secure water from the water main in Z Street. But these circumstances are of Miller's own making and do not support the charge that the rule under attack is unreasonable.

There are no averments in the petition to the effect that the Water Company has waived the rule in question in favor of any other customer.

■ It is well understood that to justify the issuance of a writ of mandamus it is necessary that the relator have a clear legal right to the thing he demands and it must be the clear legal duty of a respondent to perform the thing required. State ex rel. Lammons v. Commander, supra; Jordan v. Clarke-Washington Electric Membership Corp., supra.

The petition does not show such right and the demurrer to it was properly sustained. By petitioner not seeking further amendment, his petition was dismissed without error. Jordan v. Clarke-Washington Electric Membership Corp., supra.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.