235 So.2d 825

**BIRWOOD PAPER COMPANY, a Corp., et al.**

**v.**

**Annie DAMSKY et al.**

**6 Div. 485.**

Supreme Court of Alabama.

May 15, 1970.

Pritchard, McCall & Jones and Victor H. Smith, Birmingham, for appellants.

Bradley, Arant, Rose & White, Wyatt R. Haskell and Warren B. Lightfoot, Birmingham, for appellees.

COLEMAN, Justice.

Respondents appeal from a judgment ordering the issuance of the peremptory writ of mandamus directed to respondents and commanding them to grant to plaintiffs the right of access to and examination of the books and records of Birwood Paper Company, a corporation organized and existing under the laws of Delaware and having its principal place of business and all of its assets in Birmingham in the State of Alabama.

The individual defendants are the president and other officers of the corporation.

It appears to be conceded that these defendants have custody and control of the records of the corporation, and that the records are located in Birmingham, Alabama.

The plaintiffs are and for many years have been holders of some 60 shares of stock of the corporation as trustees under the will of Mose Damsky, deceased.

In the petition as last amended, plaintiffs allege that on, to wit, December 27, 1966, and at other times, plaintiffs, as trustees under said will, made written or oral demands on defendants to grant to plaintiffs the right of access to and examination of the records of the corporation and that defendants refused and denied to plaintiffs such rights.

In their petition as last amended, plaintiffs allege that the refusal of defendants to allow plaintiffs to examine the records of the corporation is in violation of the law of Delaware which is alleged by plaintiffs to be as follows:

" 'The principle of law has long been established in this state that a stockholder of a corporation has a right to inspect and make extracts from the books of the corporation at a proper time and for proper purposes.' State ex rel. Brumley v. Jessup & Moore Paper Co., [1 Boyce 379,] 77 A. 16 (Supreme Court of Delaware 1910).

" 'The only provision of law relative to the right of stockholders to inspect the books of the Company is contained in Section 29 of the General Corporation Law (Rev.Code 1915, & 1943) (presently 220, Delaware Corporation Law), which expressly confers upon stockholders the right at all times, during the usual hours for business to examine the original or duplicate Stock Ledger of the company at the principal office or place of business of a corporation.

" . . . .

"Because the Legislature saw fit to expressly give stockholders the right to examine certain records of the Com-

pany, it cannot be inferred that the stockholders' common-law right to examine any other records, under proper conditions and for a proper purpose, was thereby taken away. The statute granting the power to examine the stock ledger at any time during business hours did not expressly, or by necessary implication, give the corporation the power to prevent examination of other pertinent records at proper times and under reasonable conditions.' State ex rel. Cochrane v. Penn-Beaver Oil Co., [4 W. W. Harr. 81,] 143 A. 257 (Court in Banc of Delaware 1926).

" 'The question can then be asked as to whether a Board of Directors may require a stockholder to state his reasons for examination of such books as a stockholder may examine. The answer, we think, must be in the negative. The petitioning stockholder need not set up the legality and nature of the purpose of examination. Impropriety of purpose is a matter to be set up in corporate answer to the petition, and the burden of the Respondent, and cannot be raised on a motion to dismiss the petition for Mandamus. 'If a stockholder need not affirmatively allege in a petition for Mandamus the purpose of a desired examination, then surely he need not allege his purpose in his original request to the corporation itself, and thus subject himself to the examination and cross-examination of the corporate officials.' State ex rel. Dixon v. Missouri-Kansas Pipe Line Co., [3 Terry 423,] 36 A.2d 29 (Superior Court of Delaware 1944). 'The foregoing cases have not been reversed or overruled as of the date hereof.' "

Plaintiffs pray for an alternative writ of mandamus directed to the individual defendants requiring them to grant to plaintiffs the right to examine the corporation's records or to appear and show cause why defendants should not grant such right to plaintiffs.

The original petition was sworn to on January 9, 1967, and by order of that date, the circuit court ordered the issuance of the alternative writ of mandamus as prayed in the petition.

Defendants argue that " . . . . the Delaware statute relied on should have been set out in hice (sic) verba with the constructions placed on it by the highest court of that state relied upon." and cite: George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 140 So. 578; Dawson v. Dawson, 224 Ala. 13, 138 So. 414; International Paper Co. v. Curry, 243 Ala. 228, 9 So.2d 8.

" . . . . Generally when a statute is relied upon it should be set out in haec verba, and when a judicial opinion of the sister state is invoked it should be so fully set out in the plea as to inform this court of the point or question decided, but this does not mean that the whole opinion including a transcript of the record should be set out. It is enough if the opinion is sufficiently set out to apprise us of the point involved and how it was decided by the highest court of the sister state . . . . " Dawson v. Dawson, supra, at page 16, 138 So. at page 416.

Plaintiffs seek to show a right to mandamus under the law of Delaware. It is true that plaintiffs rely on Delaware law, but we are inclined to agree with plaintiffs that they " . . . . do not and have not relied upon any Delaware statute in the disposition of this cause . . . . " Because plaintiffs do not rely on a Delaware statute, there is no good reason why plaintiffs should set out a Delaware statute in haec verba or otherwise, and defendants' argument is not well taken that the petition is subject to demurrer for failure to set out a Delaware statute in haec verba or otherwise.

Since plaintiffs claim the right to mandamus under Delaware law, not under a Delaware statute, but under the law as decided and declared by the courts of Delaware, the opinion or opinions of the Delaware courts on which plaintiffs rely " . . . . should be so fully set out in

688

the plea (here the petition for mandamus) as to inform this court of the point or question decided . . . ." (Par. Added) Dawson v. Dawson, supra.

Grounds A and B of defendants' demurrer recite:

"A. It appears from said petition that the plaintiffs rely upon the laws of the State of Delaware and said petition as last amended fails to set forth the related laws of said State fully and sufficiently as to show that the petitioners are entitled to said writ of mandamus as prayed.

"B. The right of the petitioners under the laws of the State of Delaware is not shown by the alleged excerpts from the laws of the said State contained in said petition as last amended."

■ In *Dawson*, this court said with respect to the sufficiency of allegation of the opinion of the court of another state, to wit: " . . . . It is enough if the opinion is sufficiently set out to apprise us of the point involved and how it was decided by the highest court of the sister state . . . . " We will examine the excerpts which plaintiffs have quoted in the petition, but without copying the excerpts again at this point since they are already copied hereinabove.

The excerpt from State ex rel. Brumley, declares a principle of law, but contains nothing with respect to what was the point for decision in the case or "how it was decided." The principle is merely stated. It could be stated in a case where the right to examine corporate records is denied equally as well as in a case where the right to inspect is granted. Nothing in the excerpt indicates in anywise whether the right to inspect was granted or denied in the Brumley case. The excerpt fails to apprise the trial court or this court of the point involved or how it was decided.

The excerpt from State ex rel. Cochrane merely states that a Delaware statute which

expressly gives stockholders the right to examine certain corporate records cannot be construed by inference to take away the right of stockholders to examine other corporate records. Here again the excerpt does not apprise us of the point involved or how it was decided by the Delaware court.

Likewise in the excerpt from State ex rel. Dixon, the point involved and how it was decided are not shown.

We note that the excerpts from opinions of Delaware courts were probably inserted in the petition by amendments for the purpose of showing that the law of Delaware does not require the stockholder, when he demands an examination of the records, to state to the officers of the corporation the stockholder's purpose in demanding the right to examine the records, and further to show that the stockholder is not required to allege his purpose in a petition for mandamus to compel the keepers of the records to allow the stockholder to make such examination. The statements in the excerpt from State ex rel. Dixon indicate that the court regarded the rule to be that the stockholder in Delaware is not required to state his purpose in either his demand or in his petition for mandamus, but the excerpt from *Dixon* nevertheless fails to show the point involved in that case or how it was decided. In short, the excerpt fails to show what the court actually decided in State ex rel Dixon, and, therefore, is not a declaration or statement of what the law of Delaware is. For aught that appears in the excerpts, the statements therein may or may not be comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the respective cases in which they were made and, therefore, lacking the force of an adjudication.

In *Dawson*, supra, this court said it is enough if the opinion is sufficiently set out to apprise us of the point involved and how it was decided by the highest court of the sister state. The instant petition indicates that the opinion in State ex rel. Dixon was the deliverance of the Superior Court of

Delaware. Examination of the Delaware Constitution and statutes shows that the Superior Court of Delaware is not the highest court of that state. Delaware Constitution of 1897, Art. 4, § 11, as amended March 23, 1960, Delaware Code Annotated, Vol. 1, 1968 pocket parts. Title 10, § 147, p. 21, Delaware Code Annotated.

In this situation, we are not to be understood as accepting the allegation of excerpts from an opinion of the Superior Court of Delaware as being sufficient or even permissible to show what is the law of Delaware. We do not change or modify the opinion in *Dawson* in any respect.

We are of opinion that plaintiffs have failed to allege sufficiently the Delaware law so as to show that they are entitled to mandamus to compel the keepers of the records to allow plaintiffs to examine the records of the corporation. Plaintiffs do not base their claim on Alabama law and consideration of the Alabama law is not necessary.

"It is well understood that to justify the issuance of a writ of mandamus it is necessary that the relator have a clear legal right to the thing he demands and it must be the clear legal duty of a respondent to perform the thing required. State ex rel. Lammons v. Commander, supra [211 Ala. 230, 100 So. 223]; Jordan v. Clarke-Washington Electric Membership Corp., supra [262 Ala. 581, 80 So.2d 527]." Miller v. Hillview Water Works Project, Inc., 273 Ala. 267, 272, 139 So.2d 337, 341.

Plaintiffs have not shown by the allegations of the petition a clear legal right to mandamus under the law of Delaware on which they rely to establish their right, and we are of opinion that Grounds A and B of the demurrer should have been sustained.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, BLOODWORTH, and MADDOX, JJ., concur.