On Application for Rehearing

JOHNSTONE, Justice.
The opinion of September 26, 2003, is withdrawn and the following is substituted therefor.
The plaintiff Rex B. Brown (“Brown”) appeals a judgment declaring that the defendants City of Huntsville and Huntsville Utilities (collectively “the Utility”) owed no obligation to provide water service to Brown’s property outside the Huntsville city limits unless the property was annexed into the city. The dispositive issue is whether the trial court erred in holding that the Utility did not discriminate against Brown or act unreasonably in conditioning provision of water service to Brown’s property on annexation of Brown’s property into the city. Because we conclude that the trial court did not err, we affirm. Our resolution of this case is consistent with our resolution of Water & Wastewater Board of Madison v. Anderson, 850 So.2d 1230 (Ala.2002), addressing another landowner’s attempt to obtain substantially the same relief against another utility in the same county.
Brown proposed to develop a subdivision outside the Huntsville city limits. After the Utility denied Brown’s request to provide water service to the subdivision unless the property was annexed into the city, Brown sued the Utility for a declaration that the Utility owed an unconditional obligation to provide water service to the proposed subdivision. Following a bench trial, the trial court found and concluded:
“(1) [T]he City of Huntsville operates and maintains a public water system, known as Huntsville Utilities, ... for the purpose of providing water service to the residents and inhabitants of the City of Huntsville. The City of Huntsville created a Water Works Utility Board [that] ... makes policies concerning the maintenance and operation of the water system.... The Water Works Utility Board ... adopted policies ... [that] provide that the Board will authorize main extensions within the Corporate Limits of the City of Huntsville .... [and] will not be extended outside the Corporate Limits....
“(2) [D]uring the years 1984 to 1986, the City of Huntsville experienced a large expansion of the City Limits of the City of Huntsville.... Huntsville Utilities [purchased] a portion of Madison County’s water system ... to ... [transport] ... water from one area of the incorpo *297 rated areas of the City of Huntsville through unincorporated areas of Madison County ... [to] the newly annexed areas....
“(3)....
“(4) On January 6, 1988, the Huntsville Water Works Utility Board adopted a policy concerning providing water service to the northwest area, which had been purchased from Madison County, Alabama. The policy provided that water service would be made available from the purchased system to existing or new single family houses which were along the existing mains outside the City; service would be provided to small commercial buildings fronting the existing main, and that any development requiring main extension would be required to be annexed into the City prior to water service being made available or submit a request to the Water Board as to why the property would require or not require annexation.
“(5) On October 2, 1987, and March 1991, Rex Brown purchased approximately 50 acres of property which was located on the east and west side of Nick Fitchard Road, which property adjoined the water line which had been sold from Madison County to Huntsville Utilities, all of the property being located outside the City Limits of the City of Huntsville. Brown transferred and sold approximately seven or eight tracts of land along the east side of and adjacent to Nick Fitchard Road.... All of those parties who purchased property were allowed to receive water service from Huntsville Utilities. In 1999 Brown designed a subdivision which was located on the east and west side of Nick Fitch-ard Road which consisted of 32 lots. The designed property had two lots on the west side of Nick Fitchard Road which would be adjacent and adjoining Nick Fitchard Road. The remainder of the lots[, which] would be fronting roads which would be extensions of- roadways from Nick Fitchard Road[,] would not be facing or adjoining Nick Fitchard Road. A request was made of Huntsville Utilities to provide service to the subdivision, as planned, and the request was denied on the basis that the property should be annexed into the City of Huntsville before water service could be provided. In 2001 Brown had the subdivision revised, and in so doing, excluded property which adjoined the City■ Limits of Huntsville, and made an application to Huntsville Utilities to have water service provided to the subdivision. Huntsville Utilities denied the request on the basis that the property was not located within the Corporate Limits of the City of Huntsville.
“(6) From the evidence as presented, the Court determines that Huntsville Utilities or the Water Works Board of the City of Huntsville has adhered to the existing policy of not allowing subdivisions to be developed outside the City Limits of Huntsville and have water furnished by Huntsville Utilities unless the property is annexed into the City of Huntsville. There were 20 to 23 minority homeowners, who had been residing in this location for approximately 30 or 40 years, all of whom had wells which were used for their water supply. These wells had gone dry or become contaminated, and Madison County secured a Federal Block grant, secured easements and rights-of-way, and paid Huntsville Utilities to install water service to the homeowners located in that area. The Court determines that this exception to the policy of being incorporated into the City Limits of Huntsville before water service could be made available was done, for humanitarian purposes, and. does not constitute a suffi- *298 dent exception to the policy which would allow or require Huntsville Utilities to serve the property of Brown.”
(Emphasis added.) On the basis of these facts and conclusions, the trial court declared that the Utility was not required to provide water service to Brown’s property unless Brown annexed his property into the city:
“(7) Upon consideration of the above facts and finding of facts, the Court determines that Huntsville Utilities is not required to serve the property of Brown with an extension of the water mains from the water main located in Nick Fitchard Road unless and until Brown shall annex his property into the City Limits of the City of Huntsville.”
On appeal, Brown does not dispute the facts found by the trial court. He contends that the trial court erred only in applying the law to those facts. Brown contends that the trial court erred because the Utility discriminated against him and acted unreasonably by requiring that his property be annexed as a condition to providing water service to his property. Brown contends, first, that the Utility acted unreasonably in conditioning water service to his property on annexation because, he asserts, it is impossible for him to annex his property. Brown contends, second, that the Utility discriminated against him by requiring that his property be annexed as a condition to water service without requiring that the seven or eight parcels of other owners’ property adjacent to Nick Fitchard Road and outside the city limits, and the property owned by the 20 to 23 minority homeowners outside the city limits, be annexed as a condition to water service.
Like Brown, the Utility does not dispute the facts found by the trial court. Because Brown contends that the trial court erred only in applying the law, we employ a de novo standard of review. Beavers v. County of Walker, 645 So.2d 1365, 1372-73 (Ala.1994).
“A public utility is obligated to serve all members of the public that it holds itself out to serve, fairly and without discrimination.
[[Image here]]
“There are, however, conditions precedent to the obligation of a public utility to serve any particular applicant. The applicant must submit to such reasonable conditions as the utility sees fit to impose.”
Miller v. Hillview Water Works Project, Inc., 273 Ala. 267, 271, 139 So.2d 337, 339 (1962) (citations omitted); accord Anderson, supra. Because a city utility acts in a legislative capacity in adopting a policy not to provide water service to property outside the city limits except under certain conditions, such a policy is presumed valid. Anderson, supra. Thus, when such a policy conditions water service to property located outside the city limits on annexation of the property, such a condition is presumed valid. Anderson, supra. Brown argues that, because his revised subdivision is legally ineligible for annexation into the City, annexation is impossible, and therefore the policy requiring annexation is unreasonable. Brown’s conclusion does not follow from his premises. Brown unilaterally revised his subdivision so that it would not be contiguous to the City of Huntsville, and the Utility did .not choose the location of Brown’s property in the first place. Countless parcels of land throughout Madison County and, indeed, the state of Alabama are not eligible for annexation into the City of Huntsville and therefore are not eligible for water service from the Utility. For the Utility to serve all of them would be impractical, if not impossible, and for the courts to require the Utility to serve all of them would be *299 absurd. Brown has not even purported to establish that applicable State and local prerequisites to annexation are discriminatory or in any other way unreasonable. A fortiori, Brown has not established that any such discrimination or unreasonableness infects the policy of the Utility requiring annexation as a prerequisite to water service.
Brown further argues that the Utility is discriminating against him by providing water service to others outside the city limits without requiring them to annex and without according him the same treatment. The Utility, however, does not hold itself put to serve property outside the city limits that would require an extension of the water mains. It holds itself out to serve only property inside the city limits and property outside the city limits improved with only single family dwellings or small commercial buildings along the existing water mains. While the seven or eight tracts of other owners’ property adjacent to Nick Fitchard Road are within the categories of properties that the Utility holds itself out as serving, Brown’s proposed subdivision is not. Therefore, the provision of water service to the seven or eight tracts adjacent to Nick Fitchard Road does not support Brown’s argument that the Utility treated his property differently from other similarly situated property. While the property owned by the 20 to 23 minority homeowners, like the property owned by Brown, is outside the categories of property that the Utility holds itself out to serve, the trial court found that the exception made by the Utility for the property owned by the 20 to 23 minority homeowners was justified by humanitarian reasons not applicable to Brown or his property. We agree with the trial court that the plight of these 20 to 23 homeowners justified the Utility in treating them differently from other owners of property that the Utility does not hold itself out tó serve. Consequently, we agree that the exception that the Utility made for these 20 to 23 homeowners does not oblige the Utility to afford unconditional water service to all property outside the city limits.
Brown presented no evidence tending to prove that the Utility lacked a reasonable rationale for the policy of requiring annexation as a condition to providing water service to property such as Brown’s. Therefore, Brown failed-to overcome the presumption that the policy was valid. Anderson, supra. Brown also failed to prove that the Utility discriminated against him in applying the policy of requiring annexation as a condition to providing water service to property such as Brown’s. The trial court correctly applied the applicable law to the undisputed facts. Therefore, we affirm the declaratory judgment.
OPINION OF SEPTEMBER 26, 2003, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
HOUSTON, LYONS, HARWOOD, and WOODALL, JJ., concur.